488 A.2d 21

Kenneth SEEWAGEN

v.

Hans VANDERKLUET & Priscilla Vanderkluet, Individually and t/a Red Lion Inn, Appellants.

Kenneth SEEWAGEN

v.

VANDERKLUET, INC., trading as Red Lion Inn, Appellants.

Superior Court of Pennsylvania.

Argued June 12, 1984.

Filed Feb. 6, 1985.

Robert I. Cottom, Reading, for appellants.

John P. Yatsko, Norristown, for appellee.

Before CIRILLO, BECK and CERCONE, JJ.

CERCONE, Judge:

Kenneth Seewagen ("plaintiff") filed actions in trespass against Hans Vanderkluet and Priscilla Vanderkluet, individually and trading as Red Lion Inn, and against Vanderkluet, Inc., trading as Red Lion Inn ("defendants" or "appellants"). Plaintiff claimed that he sustained personal injury involving the loss of an eye caused by defendants' negligence while plaintiff was business invitee on defendants' premises. The actions were tried under the Comparative Negligence Act of July 9, 1976, as amended, 42 Pa.C.S.A. § 7102.[1] In response to special interrogatories, the jury

---

1. 42 Pa.C.S.A. § 7102 reads, in relevant part:

 (a) General rule.—In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff should be dimin-

found defendants 51 percent negligent and the plaintiff 49 percent negligent. The trial court accordingly molded the verdict for plaintiff in the amount of $27,277.86, which included damages for delay.

Defendants filed motions for judgment n.o.v. and for a new trial. The lower court denied both of defendants' motions and this appeal followed. For the reasons following, we affirm.

The issues on appeal are (1) whether the lower court erred in refusing appellants' motion for judgment n.o.v.; (2) whether the appellants' are entitled to a new trial because the verdict is against the weight of the evidence; and, (3) whether the trial judge erred in refusing the appellant's point for Charge No. 3.

The facts necessary for this opinion are fully set forth herein.

■ On appeal from the refusal of the trial court to enter judgment n.o.v. for the defendant, the sole duty of the appellate court is to decide whether there was sufficient competent evidence to sustain the verdict, granting the verdict winner, the appellee here, the benefit of every reasonable inference reasonably to be drawn from the evidence. *McDevitt v. Terminal Warehouse Co.*, 304 Pa.Super. 438, 450 A.2d 991, 993 (1982) (citations omitted). All unfavorable testimony and inferences must be rejected. *Id.*

Appellants argue that, as a matter of law, plaintiff failed to submit evidence sufficient to prove the alleged negligence,[2] that is that defendants (1) failed to provide plaintiff

ished in proportion to the amount of negligence attributed to the plaintiff.

2. Both appellants and appellee set forth Restatement of Torts, Second, § 343 as the standard for measuring appellants' duty of care. It provides as follows:

343. Dangerous Conditions Known to or Discoverable by Prossessor

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

with safety goggles; (2) failed to furnish penetrating oil; and (3) failed to inspect the premises. Appellants also contend that, as a matter of law, plaintiff's comparative negligence exceeded that of the appellants'.

■■■ The essence of appellants' argument is that plaintiff should have realized the risk involved after inspecting the situation himself and requested safety goggles and penetrating oil. Since plaintiff admittedly did not do so, appellants' argue, he has failed to prove their negligence. Further, appellants argue that had they inspected, all they could have seen was that which the plaintiff himself saw. By arguing thus, appellants misconstrue plaintiff's burden of proof. Plaintiff was only required to set forth facts sufficient to establish by a fair preponderance of the evidence that appellants had not met their duty of care as set forth in Section 343. It then comes within the province of the jury to determine the reasonableness of each party's actions and to reconcile conflicting statements. The plaintiff does not have the burden of disproving his own contributory negligence as appellant's would suggest. To impose such a burden would defeat the purpose of Pennsylvania's Comparative Negligence Statute, 42 Pa.C.S.A. § 7102 ("statute").

The plaintiff testified that he had been employed by appellants to assist in painting, cleaning and refurbishing their newly-acquired bar and restaurant premise. While performing an assigned chore of removing an old sign which was attached to an outdoor post and secured by a metal clamp with rusted screws, a sliver of metal snapped off and struck plaintiff's eye. He further testified that appellants were present and in charge of the renovation, that they had supplied the tools and material for the job, and they had not furnished safety goggles or solvent for

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
(c) fails to exercise reasonable care to protect them against the danger.

loosening rusted screws. Appellants admitted that they had failed to inspect the property for hidden defects.

While the record contains other conflicting testimony, the recited testimony is sufficient for the jury to determine whether defendants had been negligent by not discovering the condition and realizing that it involved a risk to plaintiff which he would not realize or protect against. Defendants offered no testimony or evidence on their own behalf. They offered no testimony that they had warned plaintiff of the possible danger or that they knew he had special knowledge and would realize the danger involved. They rested on the assertion that plaintiff had failed to make out a *prima facie* case of negligence. As previously stated, this court can only view the evidence to determine whether the record contains sufficient credible evidence to support the jury's verdict. It goes without saying that this court is not to substitute its judgment for that of the jury on issues of fact.

The question of what could reasonably be discovered upon inspection, what is an unreasonable risk of harm, and whether the appellants could reasonably have expected the plaintiff to realize the risk are all issues for the jury. See, for example, *Peair v. Home Ass'n of Enola Legion No. 751*, 287 Pa.Super. 400, 430 A.2d 665 (1981). The issue here is not whether defendants were negligent in any active conduct, but whether they were negligent in their failure to realize a potential problem and to take steps to guard against it.

The appellants direct this court's attention to several cases in which a judgment n.o.v. was granted on appeal. Most of these cases are distinguished by the fact that they occurred before the comparative negligence statute was passed and they are based on a finding by the appellate court that the plaintiff was, as a matter of law, contributorily negligent. Since the passage of the statute, simple contributory negligence is no longer a complete bar to plaintiff's recovery. *Ryden v. Johns-Manville Products,*

518 F.Supp. 311 (Eastern D.Pa.1981). The principle of comparative negligence applies to causes of action arising after September 7, 1976, regardless of when the case was tried. *Fahringer v. Rinehimer*, 283 Pa.Super.Ct. 93, 423 A.2d 731 (1980). Therefore, the following cases, cited by appellant, are inapposite here: *Atkins v. U.R.A. of Pgh.*, 489 Pa. 344, 414 A.2d 100 (1980); *Jewell v. Beckstine*, 255 Pa.Super.Ct. 238, 386 A.2d 597 (1978); *Kubacki v. Citizens Water Co.*, 403 Pa. 472, 170 A.2d 349 (1961); *Thompson v. Goldman*, 382 Pa. 277, 114 A.2d 160 (1955). Other cases cited by the appellants are also not persuasive. In *Palenscar v. Bobb, Inc.*, 439 Pa. 101, 266 A.2d 478 (1970), the plaintiff was an electrician who was specially called by the defendant to fix an electrical problem. The court found as a matter of law that the landowner had discharged his duty by notifying plaintiff of the possible defect. Similarly, the passage cited by appellants from *Mathis v. Lukens Steel Co.*, 415 Pa. 262, 203 A.2d 482 (1964), does not affect the outcome of this case. The court there held that an owner of land can not be liable for injuries caused by a latent defect which could not be discovered by the exercise of reasonable care and diligence. While this is a correct statement of Pennsylvania law, appellants fail to realize that to determine whether appellants could have discovered the defect or had exercised reasonable care are questions of fact.[3] It is clearly inappropriate for this court to make that factual determination when it is a question upon which reasonable people could reach different conclusions. The decision in *Winkler v. Seven Springs Farm, Inc.*, 240 Pa.Super. 641, 359 A.2d 440 (1976) is also distinguishable. There the court granted a judgment n.o.v. because the appellee-plaintiff had failed to show any facts that the defect was caused by some discoverable condition or structural defect of which the appellant could have been aware had it performed an inspection and, therefore, an inference of negligence on the part of appellants necessarily was based on conjecture. In

---

3. The issue on appeal in *Mathis, supra,* was the accuracy of the trial judge's charge to the jury on the question of whether the landowner had, in fact, warned the plaintiff of the potential danger.

the present case, Mr. Seewagen did show that the screws to be worked upon were old and rusty and that appellant could have become aware of the potential risk upon inspection. At argument on appeal, appellants' counsel requested this court to note *Carrender v. Fitterer,* 503 Pa. 178, 469 A.2d 120 (1983). Again, this case is distinguishable as it turned on the trial court's misunderstanding of the effect of an "assumption of the risk" defense as compared to a defense of contributory negligence. In that case, the trial court refused appellant's "assumption of the risk" charge reasoning that the charge was incompatible with Pennsylvania's comparative negligence statute. On appeal, the Pennsylvania Supreme Court held that "assumption of the risk" is still a viable defense which may relieve a possessor of land of a duty of care. The court found plaintiff-appellee's own admission that she saw dangerous ice and recognized the risk to be sufficient, as a matter of law, to establish that plaintiff had assumed the risk by walking on the ice when alternative paths were available. Again, the facts in the present case are not as clear cut as those in *Carrender.* Although Mr. Seewagen testified that he saw the rusty condition, he did not admit that he knew of the potential danger. Also, "[i]n determining the standard of conduct of one who is injured in the performance of his employment, the working conditions and all of the circumstances incident thereto, including his obligation to do his job, must be considered." *Quinn v. Kumar,* 437 Pa. 268, 274, 263 A.2d 458 (1970) citing *Gregorius v. Safeway Steel Scaffolds Co.,* 409 Pa. 578, 584, 187 A.2d 646 (1963). The facts in this case do not, as a matter of law, show that plaintiff fully realized the risks involved or manifested a willingness to accept them or waived his right to later complain of defendant's negligence.

 Finally, appellant argues that there is no proof that the sliver which was removed from plaintiff's eye came from the object on which he was working and, therefore, plaintiff has failed to prove the causation element of his claim. This argument is without merit. Appellants argue

that the sliver was made of aluminum and that since the straps holding the sign were rusty, they could not have been made of aluminum. Appellants offered no proof as to the material from which the straps were made and plaintiff testified that the straps were "like aluminum". This is certainly sufficient evidence for the jury to make an inference that the sliver originated from the strap and, thus, found a causal relationship.

Based on the foregoing discussion, the denial of appellants' motion for a judgment n.o.v. is hereby affirmed.

Appellants argue that the verdict was against the weight of the credible evidence and if they are not entitled to a judgment n.o.v., then they are entitled to a new trial.

A court may grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. *Baldino v. Castagna*, 308 Pa.Super. 506, 454 A.2d 1012 (1982). Appellants argue that there were too many inconsistencies in plaintiff's testimony to give him any credibility. We agree with the court below that the inconsistencies and contradictions were neither of great quantity nor of serious magnitude. In resolving this issue, the court does not consider the evidence in the light most favorable to the verdict winner; rather, the court must view all of the evidence. *Abbott v. Steel City Piping Co.*, 437 Pa. 412, 263 A.2d 881 (1970). Upon review of the entire record, we find that there is sufficient evidence for the jury to have reached its conclusion without resort to mere speculation.

Appellants' final issue on appeal is that the trial court erred in refusing their Point for Charge No. 3[4] and,

---

4. Appellants' Point for Charge No. 3 reads as follows:
 Mr. Seewagen testified that after he climbed the ladder, he observed that the sign and the brackets holding it were rusted, and he further testified that when he first tried to loosen the first bolt with his screwdriver, the bolt or screw was frozen and the screwdriver slipped out of his hand and fell. He further testified that no one saw this occur, and that after it did occur, he did not go in and report it to anyone inside the building. He did not ask for any penetrating oil, and he did not ask for any safety goggles. Instead,

therefore, a new trial should be granted. The essence of this point for charge was that if the jury found that plaintiff deliberately and intentionally attempted to free the frozen bolt, knowing its condition, without asking for advice, protective goggles or penetrating oil, the jury could find that he was contributorily negligent and assumed the risk.[5] The totality of the instructions given to the jury was sufficient to encompass the concept contained in the requested point for charge. Specifically, the concept of contributory negligence or assumption of the risk, as that term is used in the point for charge, were covered by the following instructions by the court:

> A possessor of land is not liable to a business invitee for physical harm caused to him by any activity or condition on land whose danger is known or obvious to the invitee, ...

coupled with

> The defendants in this case claim that the plaintiff was contributorily negligent, and under the law the defendants have the burden of proving the existence of such negligence. You must, therefore, determine whether the plaintiff was negligent in that as an ordinarily prudent person, under all the circumstances, then present, he failed to exercise reasonable care for his own protection.

A trial judge has wide latitude in charging the jury and may use any particular language provided the language used adequately and fully conveys the laws applicable to the facts of the case. *Fish v. Gosnell, supra,* 316 Pa.Superior

> he testified that he went back up the ladder, and once again tried to loosen the screw with the screwdriver, using both hand to apply additional force. Therefore, if you find that Mr. Seewagen deliberately and intentionally attempted to free the frozen bolt, knowing that it was frozen, without asking for advice, protective goggles or penetrating oil, you may find that he was contributorily negligent and assumed the risk. (R. 195a–196a)

5. Had the appellants requested specific instructions on "assumption of the risk," we might be compelled to reach a different conclusion today based on *Corrender v. Fitterer, supra.* However, that issue is not before us at the present time. *See Fish v. Gosnell,* 316 Pa.Super. 565, 463 A.2d 1042 (1983) for a discussion on the role of the "assumption of the risk" defense in negligence cases.

Ct. at 580, 463 A.2d at 1050 (citations omitted). The lower court's charge here adequately explained contributory negligence.

The order of the trial court is hereby affirmed.