**Jo Carolyn DENT & James A. Dent, Sr.**

v.

**Josephine CUNNINGHAM & General Motors Corp., a corporation of the State of Delaware.**

**Appeal of Jo Carolyn DENT and James A. Dent, Sr.**

No. 85–5487.

United States Court of Appeals, Third Circuit.

Argued March 3, 1986.

Decided March 19, 1986.

---

McLemore and McElroy, Paul D. McLemore (Argued), Trenton, N.J., for appellants.

Lenox, Giordano, Devlin, Delehey & Socey, George Wilgus, III (Argued), Lawrenceville, N.J., for appellee General Motors Corp.

Lewis, Siegel & Wood, Arthur Z. Charsinsky, Thomas E. Brown (Argued), Trenton, N.J., for appellee Josephine Cunningham.

Before ALDISERT, Chief Judge, HUNTER, Circuit Judge, and POLLAK, District Judge *.

## OPINION OF THE COURT

ALDISERT, Chief Judge.

In this diversity case we must determine whether the district court properly applied the law of personal jurisdiction and the New Jersey borrowing rule for statutes of limitations. We determine the district court correctly found that it lacked personal jurisdiction over defendant Cunningham, and affirm its dismissal of that portion of the complaint. However, because we hold that the court incorrectly applied the California statute of limitations for personal injuries instead of the longer New Jersey statute, we reverse its dismissal of the claim against defendant General Motors.

I.

On April 23, 1983 Jo Carolyn Dent, a New Jersey resident, was injured when she was a passenger in an auto accident in Los Angeles, California. The automobile was manufactured by General Motors, a Delaware corporation, and was driven by her aunt, Josephine Cunningham, a California resident.

Over one year later, on December 14, 1984, Dent and her husband filed this diversity action in New Jersey district court

* The Honorable Louis H. Pollak, of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

against Cunningham and General Motors. Cunningham moved to dismiss, arguing the district court lacked personal jurisdiction over her for the action. General Motors also moved to dismiss, arguing that under the New Jersey borrowing rule, the one year California statute of limitations for tort actions, Cal.Code Civ.P. § 340(3), should apply rather than New Jersey's two-year statute, N.J.Stat.Ann. § 2A:14–2, and that the complaint should therefore be time-barred.

The district court granted both defendants' motions, and the Dents appeal.

## II.

■ The Dents argue that the district court misapplied the law of personal jurisdiction and New Jersey's conflict of laws rules. Because these issues involve the selection, interpretation, and application of legal precepts, review is plenary. *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 102–03 (3d Cir.1981).

## III.

The Dents advance two reasons in support of their contention that the district court erred in dismissing their action against defendant Cunningham. They assert that federal courts comprise a national court system and should not be bound to the jurisdictional limitations imposed by the forum state, but should instead have a national reach. Alternatively, they claim that even if New Jersey law is applied Cunningham had sufficient contacts with the State of New Jersey "that the assertion of jurisdiction would not offend due process of law." Br. for appellants at 7.

■ We are not impressed by either argument. We have previously considered and rejected the national reach argument in *Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290 (3d Cir.1985), and re-affirm its declaration that "[i]n the absence of a federal statute authorizing nationwide service of process federal courts are referred to the statutes or rules of the state in which they sit." *Id.* at 295. "[W]e reject the national contacts theory on which the district court predicated its jurisdiction." *Id.* at 297. We also agree with the district court's determination that Cunningham, a California resident, was beyond its proper *in personam* jurisdiction. In *Max Daetwyler Corp.*, we stated that the propriety of such jurisdiction is evaluated under a two-step process: "a court ... look[s] to the state's long-arm statute and then determines whether the exercise of jurisdiction would satisfy due process." *Id.* at 293. New Jersey's long-arm statute provides for service of process "consistent with due process of law." N.J.Ct.R. 4:4–4(e). Under such circumstances, "the inquiry is principally one of inquiry into the constitutional propriety of the exercise of jurisdiction." *Id.* at 293. We have previously instructed:

> The line of cases from *International Shoe [Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed.2d 95 (1945) ] to *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), mandates that, in assessing the sufficiency of [the defendant's] contacts, this court must examine both the extent to which [the defendant] availed himself of the privileges of [the forum] law and the extent to which he could reasonably anticipate being involved in litigation in the [forum].

*Id.* at 295 (citations omitted).

As the district court explained, the record contains no allegations of contacts by Cunningham with the forum state other than the following statement from appellants' Certification in Opposition to Motion to Dismiss:

> 6. The defendant, Josephine B. Cunningham is my maternal aunt who reared me and resided in the State of New Jersey from 1947 until 1968 when she moved to the State of California. Since 1968 she has visited me at least every two years and remains in frequent communication with me and my family by telephone and mailed correspondence.

App. at A–9. No case has yet held that such evanescent contacts with a state could support personal jurisdiction. The district

court, therefore, did not err in holding that it would offend "traditional notions of fair play and substantial justice" if such remote family-related contacts would make it fair for the defendant to be haled into a New Jersey courtroom.

## IV.

The Dents next argue that the district court erred in finding that the factors set forth in the New Jersey leading case of *Heavner v. Uniroyal, Inc.*, 63 N.J. 130, 305 A.2d 412 (1973), required it to borrow the one-year California statute of limitations for personal injuries.

*Klaxon Co. v. Stentor*, 313 U.S. 487, 494, 61 S.Ct. 1020, 1020, 85 L.Ed. 1477 (1941), established that federal courts sitting in diversity must apply the forum state's choice of law precepts. Our starting point for analysis is New Jersey's general rule that the forum state's limitations period applies. *O'Keeffe v. Snyder*, 83 N.J. 478, 490, 416 A.2d 862, 868 (1980). In 1973 the Supreme Court of New Jersey decided that New Jersey courts would "borrow" another state's statute of limitations under narrowly defined circumstances:

> [W]hen the cause of action arises in another state, the parties are all present in and amenable to the jurisdiction of that state, New Jersey has no substantial interest in the matter, the substantive law of the foreign state is to be applied, and [if] its limitation period has expired at the time suit is commenced here, New Jersey will hold the suit barred. In essence we will "borrow" the limitation law of the foreign state.

*Heavner v. Uniroyal, Inc.*, 63 N.J. 130, 305 A.2d 412, 418 (1973). In *Heavner* a truck driver and his wife, both North Carolina residents, sued Uniroyal, Inc., a New Jersey corporation, for injuries sustained by the driver when a tire manufactured by Uniroyal blew out on a North Carolina highway, causing his truck to crash into an abutment. *Id.*, 305 A.2d at 413–14. The only connection with New Jersey was Uniroyal's incorporation in that state. The Supreme Court of New Jersey carefully restricted its "borrowing rule" to factual circumstances similar to those present in *Heavner:* "We presently restrict our conclusion to the factual pattern identical with or akin to that in the case before us, for there may well be situations involving significant interests of this state where it would be inequitable or unjust to apply the concept we here espouse." *Id.*, 305 A.2d at 418.

In *Henry v. Richardson*, 508 F.2d 28 (3d Cir.1975), this court established that *Heavner* dictated a two-step analysis:

> The court first determines the governmental policies evidenced by the laws of each related jurisdiction and second the factual contacts between the parties and each related jurisdiction. A state is deemed interested only where application of its law to the facts in issue will foster that state's policy.

*Id.* at 33. Both New Jersey's and California's policies in a tort context consist primarily of compensation and deterence. *See id.* (interpreting New Jersey law); *Greenman v. Yuba Power Products*, 59 Cal.2d 57, 62, 27 Cal.Rptr. 697, 701, 377 P.2d 897, 901 (1962).

■ Next, addressing the factual context step of *Henry*, we conclude that application of New Jersey law would in no way interfere with California's interests in deterence and compensation. However, applying California's statute of limitations would preclude a New Jersey domiciliary from obtaining compensation and frustrate New Jersey's interest in that regard. The question is whether plaintiffs' domicile in New Jersey creates a "significant interest" by the State of New Jersey in this litigation sufficient to require application of New Jersey substantive law. The district court concluded that it did not. We disagree. New Jersey courts have long recognized a significant public interest in compensating their injured domiciliaries. We recognized this in 1978 in *Schum v. Bailey*, 578 F.2d 493 (3d Cir.1978), where we reversed a district court's application of a New York statute of limitations in a malpractice action brought

by a New Jersey patient against a New York doctor for an operation performed in New York:

> [I]t is clear that New Jersey's strong interest in protecting compensation rights of its domiciliaries is implicated here. [Plaintiff], unlike the plaintiff in *Heavner*, is a domiciliary of New Jersey. Thus New Jersey—which had no interest in protecting any compensation rights of the plaintiff in *Heavner*—has a strong interest in compensating [plaintiff] as a domiciliary plaintiff. The New Jersey cases have almost uniformly applied New Jersey law in instances in which the state had a significant compensation interest, *viz.*, where the plaintiff was a New Jersey domiciliary. [Citing cases.]

578 F.2d at 496.

In *Schum* we also considered the defendant physician's contacts with New Jersey, *i.e.*, being on the staff of two medical facilities located there, as an additional reason for applying the New Jersey statute. 578 F.2d at 497. General Motors has similar contacts with New Jersey. Defendant was served process in this action at its Fisher Body Division plant located in Trenton, New Jersey. Numerous New Jersey residents undoubtedly use defendant's automobiles.

As recently as 1985, a New Jersey court confirmed the state's significant interest in compensating its domiciliaries. *Pine v. Eli Lilly & Co.*, 201 N.J.Super. 186, 492 A.2d 1079 (A.D.1985). In *Pine* the plaintiff, a New Jersey domiciliary, sued the manufacturer of DES, a corporation doing business in New Jersey, for injuries he received in utero while his mother was administered the drug. The plaintiff was born in New York and resided there for most of his life. He established a New Jersey domicile only after he had discovered that his potential claim was time barred under New York law. *Id.* at 190, 492 A.2d at 1082. Disregarding its policy of discouraging forum shopping, the court applied the New Jersey

statute of limitations, finding New Jersey's interest in favor of compensating its domiciliaries "paramount." *Id.* at 193, 492 A.2d at 1083. The court stated: "In most instances, our courts, as well as the Third Circuit, have favored applying New Jersey law in tort actions when the plaintiff is domiciled in New Jersey." *Id.*

Because of New Jersey's well recognized interest in compensating its injured domiciliaries, we conclude that this case falls outside the narrow confines of *Heavner*. We hold that the district court erred in applying California's one year statute of limitations to this action instead of New Jersey's two year statute. The district court's dismissal of the claim against General Motors on this basis was error.

### V.

■ At oral argument, counsel for appellant informed the court that plaintiff Jo Carolyn Dent has relocated to California, and established her domicile there, but that her husband remains a New Jersey domicile. This information was not before the district court and it must be afforded the opportunity of addressing, in the first instance, whether Ms. Dent's abandonment of her New Jersey domicile has the effect of divesting New Jersey of any interest in seeing to it that she has access to a court to press her claims.[1] The district court must also address whether the case should be transferred to a federal district court in California, as apparently General Motors and Ms. Dent would urge. We will therefore remand the case for determination of these issues by the district court.

### VI.

We will therefore affirm the judgment of the district court dismissing, for lack of personal jurisdiction, count one and that portion of count four of the complaint relating to defendant Cunningham. The judgment of the district court dismissing counts two, three, and that portion of count four pertaining to General Motors, on the basis

---

1. We note that in *Pine* the New Jersey court stated that a court must examine the domicile of the litigants *at the time the complaint was filed* in determining the question of the substantive law to be applied. 201 N.J.Super. at 195, 492 A.2d at 1087.

of the expiration of California's statute of limitations, will be reversed and the cause remanded to the district court for further proceedings.