## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,

v.

**Sylvia M. ARMSTRONG; Barry Towns; James Thomas; John Doe, a/k/a William J. O'Brian, a/k/a William J. O'Brien; Beverly S. Renfrow; Karen Jones, a/k/a Karen Brown; Loretta Holloway; Fidelcor Services, Inc.**

No. 89–1784.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) April 5, 1990.

Decided Nov. 19, 1991.

Rehearing and Rehearing En Banc Denied Dec. 20, 1991.

Wayne A. Schaible, Duane, Morris & Heckscher, Philadelphia, Pa., for appellant.

Francis X. Melvin, Miller, Hauptman & Melvin, Philadelphia, Pa., for appellee Barry Towns.

Renato S. DeLuca, Holland, Pa., for appellee James Thomas.

Thomas J. Kelley, Emas & Cohen, Associates, Philadelphia, Pa., for appellee Fidelcor Services, Inc.

Peter J. Hoffman, McKissock & Hoffman, P.C., Philadelphia, Pa., for amicus curiae Pennsylvania Defense Institute.

Before COWEN, NYGAARD and HIGGINBOTHAM,* Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant State Farm Mutual Automobile Insurance Company sought a judgment declaring a compulsory automobile insurance policy issued by it under the Pennsylvania Assigned Risk Plan, and upon which several third-party claims had been made, to be void *ab initio* and rescindable on the basis of a fraud or material misrepresentation made by the policyholder. After a non-jury trial, the district court entered an order granting judgment against State Farm. State Farm appeals. We have held this case *c.a.v.* pending the decision of the Pennsylvania Supreme Court in *Klopp v. Keystone Insurance Companies, et al.,* — Pa. —, 595 A.2d 1 (Pa.1991). After consideration of the Pennsylvania Supreme Court decision in *Klopp,* and the supplemental briefs submitted by the parties, we will affirm. We predict that the Pennsylvania Supreme Court would not recognize an insurance company's common law right to rescind benefits payable to innocent third parties under an assigned risk policy on the basis of a fraud or material representation made by the policyholder.

## I.

State Farm is an insurance company incorporated in Illinois and doing business in Pennsylvania. Defendants Towns and Thomas are residents of Pennsylvania. Defendant Fidelcor is incorporated in Delaware, has its principal place of business in Maryland, but does business in Pennsylvania.

On November 12, 1987 a man identifying himself as William J. O'Brian ("O'Brian,"

or "the policyholder") leased a 1987 Nissan Maxima, owned by Fidelcor, from a Pennsylvania automobile dealer. O'Brian applied to the Pennsylvania Automobile Insurance Plan for insurance which assigned the application to State Farm. In a routine inquiry by State Farm into O'Brian's driving history, the Pennsylvania Department of Transportation reported that the drivers license number on the application did not match the applicant's name. State Farm nonetheless issued an Assigned Risk policy to O'Brian around December 1986, which remained in effect until March 1988.

It is undisputed, and the district court so found, that O'Brian made material misrepresentations on his application for the Assigned Risk policy. On the application, O'Brian represented that his name was "William J. O'Brian." This name did not correspond to the drivers license number on his application. He also used the name "William J. O'Brien" in correspondence and conversations related to this vehicle and the accident.

State Farm made repeated attempts to contact O'Brian to get a correct drivers license number and address. O'Brian did telephone State Farm and he gave them an address, which was also false. Although State Farm never received the correct information, it did receive two premium payments from O'Brian in 1987. State Farm did not inquire about the O'Brian discrepancy with either the lessor dealership or Fidelcor. Indeed, State Farm made no attempt to terminate the policy until it lapsed for nonpayment of premiums on June 17, 1987. On March 4, 1988 State Farm rescinded the policy and refunded all premiums to the policyholder.

Meanwhile, on April 21, 1987 the Nissan Maxima was involved in an accident causing bodily injury to its passengers and to parties in another vehicle. The Nissan, which was being driven by Sylvia Armstrong, also sustained extensive damage. Towns and Thomas were passengers in it.

State Farm sued, seeking a declaratory judgment that: (1) the policy issued by

* Honorable A. Leon Higginbotham became a Senior Judge on January 30, 1991.

State Farm was void *ab initio* and/or rescinded; (2) the policyholder made material misrepresentations that State Farm relied upon to its detriment; and (3) State Farm does not owe any obligation to any party arising out of the policy. There is a real Mr. O'Brian who disclaimed by affidavit any connection with the lease of the vehicle. The "policyholder O'Brian" cannot be found and the district court entered default judgment against him. Following a non-jury trial, the district court entered judgment in favor of defendants Towns, Thomas, and Fidelcor and against State Farm on all counts. The district court made findings of fact and conclusions of law, and held that State Farm has no common law right to rescind third-party benefits under this Assigned Risk Plan automobile insurance policy.

■ We exercise plenary review over the district court's interpretation of the statute, *Chrysler Credit Corp. v. First National Bank and Trust Co.*, 746 F.2d 200, 202 (3d Cir.1984); its conclusions of law, *Dent v. Cunningham*, 786 F.2d 173, 175 (3d Cir.1986); and its prediction of statutory law, *Compagnie des Bauxites de Guinee v. Insurance Co. of North America*, 724 F.2d 369, 371 (3d Cir.1983).

## II.

■ The issue presented us is whether State Farm may rescind this fraudulently procured policy and thereby deny recovery for injured third parties. The Pennsylvania Supreme Court has not decided this precise issue. Hence, we must predict how the court would decide the issue if presented to it. *Commissioner of Internal Revenue v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1783, 18 L.Ed.2d 886 (1967); *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 378 (3d Cir.1990). Our role is not to form or create state law but to decide the case as we believe it would have been decided by the state's highest court. *Becker v. Interstate Properties*, 569 F.2d 1203, 1205 n. 5 (3d Cir.1977), *cert. denied*, 436 U.S. 906, 98 S.Ct. 2237, 56 L.Ed.2d 404 (1978).

■ With respect to third party benefits, we predict that the Pennsylvania Supreme Court would not recognize a common law right to rescind a compulsory automobile insurance policy for fraudulent statements made by the policyholder in his application.

## A.

Our prediction is not based upon the Assigned Risk statute, its regulations and plans promulgated thereunder. Compulsory automobile insurance contracts, including the insurance policy at issue here, are regulated under the Assigned Risk Plan, 75 Pa.Con.Stat.Ann. §§ 1741–1744 (Supp. 1991). All motor vehicles registered in Pennsylvania must carry evidence of financial responsibility; this scheme of universal financial responsibility is regulated under the Motor Vehicle Financial Responsibility Law, 75 Pa.Con.Stat.Ann. §§ 1701–1799.7 (Supp.1991). The Assigned Risk Plan ("ARP") is a compulsory insurance scheme designed to make automobile insurance available to all drivers who could not otherwise obtain insurance in the voluntary market, i.e., high-risk drivers. 75 Pa.Con.Stat. Ann. § 1741. The enabling provision of the ARP § 1741 provides that the Insurance Company shall adopt a reasonable ARP to apportion liability insurance among Pennsylvania auto insurers. The provision required that when the ARP had been thus prepared and adopted, all motor vehicle liability insurers would be required to subscribe to it and participate in the ARP if they wished to sell insurance in Pennsylvania.

The ARP provides in material part:

B. Cancellation by Company

A company which has issued a policy or binder under this Plan shall have the right to *cancel* the insurance by giving notice as required in the policy or binder if the insured:

1. is not, or ceases to be, eligible or in good faith entitled to insurance, or

. . . .

4. has obtained the insurance through fraud or misrepresentation, or

. . . .

5. cannot be located by the company for the purposes of its underwriting review,

as evidenced by the insured's ... failure to respond to at least two written requests for pertinent underwriting information which would have a direct bearing on the rating of the policy[.]

*Nothing herein shall be deemed to affect the company's right to rescind a policy for fraud or misrepresentation or to invoke other remedies as provided by law.*

*Pennsylvania Assigned Risk Plan* § 18. Neither the ARP nor statutory law define the insurer's "right" to rescind, or, for that matter, whether there are any limitations on this alleged "right." Hence, we turn to decisional law.

### B.

The Pennsylvania Supreme Court has recently decided two cases interpreting statutes governing the voluntary automobile insurance market. These cases display a vigorous debate among the justices regarding the rights retained by insurance providers after the legislature enacted comprehensive insurance statutes. State Farm correctly points out that both cases are distinguishable, in that each addressed the issue of rescission as to the named insured, and not as to third parties; and, in that both involve the voluntary automobile insurance market. Despite these distinctions, we discern that a majority of justices of the Pennsylvania Supreme Court have expressed their belief, albeit in dictum, that the benefits afforded to innocent third-parties under the Financial Responsibility law may not be rescinded.

The district court here relied to an extent on the Pennsylvania Supreme Court decision in *Metropolitan Property and Liability Insurance Co. v. Insurance Commissioner of Pennsylvania and Bonnie Beck,* 517 Pa. 218, 535 A.2d 588 (Pa.1987) (*"Bonnie Beck"*). In *Bonnie Beck,* the Pennsylvania Supreme Court held that the General Assembly supplanted all common law contract remedies such as rescission when it enacted the comprehensive insurance

scheme known as "Act 78" of the Automobile Insurance Code, 40 Pa.Stat.Ann. § 1008.1–1008.11 (1991).[1] 535 A.2d at 594. Under Act 78, an insurer may terminate a voluntary contract of insurance with the insured party, but must comply with certain procedural requirements generally requiring that notice be given before cancellation. 40 Pa.Stat.Ann. § 1008.5. By eliminating wholesale the common law right to rescind, the Supreme Court believed it was promoting the legislative mandate of Act 78, which was to "effect a change in the disparate bargaining positions between insurance companies and individuals, and to govern the contractual relationship between the parties." 535 A.2d at 591. The Pennsylvania Supreme Court was deeply divided, with no rationale commanding a majority of the court.

In *Klopp v. Keystone Insurance Companies,* —— Pa. ——, 595 A.2d 1 (Pa.1991), the Pennsylvania Supreme Court again addressed the question whether the Pennsylvania legislature intended to eliminate an automobile insurer's common law ability to rescind an insured party's voluntary automobile insurance policy during the first sixty days because the insured party made material misrepresentations on her initial application. The Klopps applied for voluntary automobile insurance and received an insurance binder the same day. The following day, their vehicle was in a car accident. After the accident, but before paying benefits, the insurance provider attempted to rescind the policy because it learned that the Klopps had withheld material information from their application. It was undisputed that the insurance company would not have provided them with insurance if properly informed.

The Pennsylvania Supreme Court held, retreating from its decision in *Bonnie Beck,* that the common law right to rescind was not completely abrogated by the enactment of Act 78. 595 A.2d at 3. Act 78 provides for a 60 day period after the initial application during which certain procedural

---

1. Act 78 only applies to *voluntary* contracts of insurance. Section 1008.1(1) of the Act expressly precludes application of these provisions to "any policy issued under an automobile assigned risk plan."

protections for the insured party do not take effect. The Supreme Court reasoned that, since the statute was silent about limitations during this 60 day period, the common law rights of the insurance company, including the right to rescind, were not abrogated. 595 A.2d at 4. At all other times, the insurance provider was subject to the regulatory constraints of Act 78.

The *Klopp* and *Bonnie Beck* decisions interpret provisions of Pennsylvania automobile insurance law applicable only to voluntary contracts of automobile insurance. Nonetheless, the separate opinions in these cases are germane to whether an insurance provider may withdraw benefits to third-parties on the basis of the policyholder's fraud.

In *Klopp*, Justice Larsen wrote separately, stating: "I join the majority opinion with the proviso that the fraudulent policyholder is estopped from making any personal claims arising out of the policy. *Third party suits and derivative suits are permitted.*" 595 A.2d at 5 (emphasis added).

Justice Cappy's concurrence similarly dealt with the third party question:

> I write separately to emphasize that, in this case, we do not reach any conclusion with respect to the claims of innocent, injured third parties, facts not present in the case sub judice. I believe that overwhelming public policy considerations would dictate a different result where such claims are involved. Through the Motor Vehicle Financial Responsibility Law ("MVFRL"), the legislature has mandated that all owners of motor vehicles in Pennsylvania obtain liability insurance. *See* 75 Pa.C.S. §§ 1702 ("financial responsibility" defined) and 1781–1787 (requiring owners of motor vehicles to provide proof of financial responsibility). *This requirement is not intended to protect the interests of the policy holder or the insurance company. Rather, it is wholly intended to protect the innocent and injured third party public. Its specific purpose is to ensure that all owners of motor vehicles will be able to respond financially for their "liability*

*on account of accidents arising out of their use of the motor vehicle."* 75 Pa. C.S. § 1702.

595 A.2d at 5 (footnote omitted) (emphasis added). Justice Cappy continues:

> *Likewise, it would be preposterous to conclude that, with regard to innocent and injured third parties who participated in no way in the fraud perpetrated on the insurance company, the legislature would have intended that they be denied protection as a result of the policy holder's fraud where the Act itself has been created for their protection and benefit.* Thus, it is my view that, with regard to innocent and injured third parties, the insurance company would be bound to honor the liability provisions of the insurance contract and may cancel said provisions only pursuant to § 1008.5 of Act 78.

*Id.,* 595 A.2d at 5–6 (footnotes omitted) (emphasis added).

Given his plurality opinion in *Bonnie Beck* and his dissent in *Klopp*, we believe that Justice McDermott would also endorse the view that rescission is not an available remedy to Assigned Risk Plan providers:

> [T]he Statutory Construction Act provides certain presumptions in ascertaining legislative intent. One of which is that the General Assembly intends to favor the public interest as against any private interest. *That "public interest" will now be ignored as innocent victims are denied compensation when insurers elect to rescind contracts of insurance whenever one of their insureds, with a previously undisclosed incident laden driving record, is involved in an accident.*

595 A.2d at 6 (footnote and citations omitted) (emphasis added).

In *Bonnie Beck*, Justice Nix expressed his view that the focus of financial responsibility laws is protection of victims. He concurred, stating: "[T]he major purpose of the automobile insurance laws was to support the policy of this Commonwealth that drivers of motor vehicles should be financially responsible for injury or damage they may cause upon our highways." 535 A.2d at 595–96 (emphasis added).

Last, we point out that Justice Zappala's concurring opinion in *Metropolitan Property and Liability Ins. Co. v. Insurance Commissioner of Pennsylvania and Edgar Miller,* 525 Pa. 306, 580 A.2d 300 (Pa. 1990), expresses his view that automobile insurers do not have the unlimited right to rescind policies:

> Thus, the General Assembly made it clear in Act 78 that even if an insurance carrier could establish a material misrepresentation in the procurement of that insurance, *the exclusive remedy was cancellation of the automobile insurance policy....* With this amendment, the Legislature clearly preempted and limited the available remedies to an automobile insurance carrier.

580 A.2d at 304 (emphasis added).

Although mindful that these observations are only dicta, we find it unlikely that having expressed them, the justices would vote otherwise in this case. We predict that the Pennsylvania Supreme Court would not allow an Assigned Risk Plan provider to rescind third party benefits on the basis of the policyholder's fraud in his application.

## III.

The district court's order denying State Farm's request for a declaratory judgment will be affirmed.