**William ROLICK, Appellant,**

v.

**COLLINS PINE COMPANY, and Collins Pine Company, t/d/b/a Kane Hardwood Division.**

**No. 92–3015.**

United States Court of Appeals, Third Circuit.

Argued July 7, 1992.

Decided Sept. 23, 1992.

---

Andrew L. Horvath, Jr. (argued), Daniel M. Berger, Berger, Kapetan, Malakoff & Meyers, Pittsburgh, Pa., for appellant.

Bryan D. Kocher (argued), Jones, Day, Reavis & Pogue, Pittsburgh, Pa., for appellees.

Before SLOVITER, Chief Judge, STAPLETON and SEITZ, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

William Rolick instituted this diversity action against two Oregon corporations, Collins Pine Company, and Collins Pine Company, t/d/b/a as Kane Hardwood Division. The district court had jurisdiction pursuant to 28 U.S.C. § 1332 (1988).

This court has jurisdiction of Rolick's appeal under 28 U.S.C. § 1291 (1988).

### I. *FACTS*

Kane Hardwood Division (hereinafter referred to as "Kane" or collectively with Collins Pine Company as "defendants") contracted with the United States Forest

Service for the timber rights to certain tracts of land, including Turkey Ridge, in Pennsylvania's Allegheny National Forest. Kane then entered into a contract with Nortim Corporation ("Nortim") whereby Nortim agreed to select, hire and schedule the necessary individual loggers. Nortim, in turn, contracted with William Rolick ("plaintiff") to cut and haul the timber that Kane had agreed to purchase from the Forest Service.

Plaintiff was seriously injured while logging on Turkey Ridge. According to plaintiff, just prior to the accident he had felled a cherry tree in a small clearing. After watching the cherry tree fall, plaintiff recalls walking toward it to measure and mark it. He was struck from behind by an allegedly rotten birch tree and rendered quadriplegic.

Plaintiff instituted this action to recover damages for his personal injuries. He alleged several acts of negligence, recklessness and carelessness on the part of defendants as possessors of the land. The district court dismissed the action, holding that plaintiff was Kane's statutory employee and that defendants were therefore entitled to tort immunity under Pennsylvania's worker's compensation laws.

In a prior appeal, this court determined that plaintiff was an independent contractor as to Kane and reversed the court's order dismissing the action. *Rolick v. Collins Pine Co.*, 925 F.2d 661 (3d Cir.1991). Thereafter the case went to trial before a jury on plaintiff's claim that defendants' conduct constituted negligence under Pennsylvania law. By special verdict, the jury found no negligence by defendants. We turn to the assigned errors.

## II. *DISCUSSION*

A. Alternative Grounds For Affirming Judgment

■ Defendants advance two grounds upon which the judgment for them should be sustained. If either ground is meritorious, the plaintiff's attack on the district court's rejection of certain evidence of the industry standard of care would not have to be reached. Though defendants advance these grounds to support a finding of harmless error, logic suggests that we consider them at the outset on their merits. Defendants' first basis for an affirmance rests on the application of Pennsylvania substantive law to the evidence offered at the trial. We turn to that issue.

■ Under Restatement (Second) of Torts § 343, a possessor of land must exercise reasonable care to protect invitees from non-obvious dangerous conditions on the land. Restatement (Second) of Torts § 343 (1965). Pennsylvania has adopted Restatement section 343 as its own. *See Atkins v. Urban Redevelopment Auth. of Pittsburgh*, 489 Pa. 344, 414 A.2d 100, 103–04 (1980). The land possessor's duty extends to independent contractors as business invitees. *Crane v. I.T.E. Circuit Breaker Co.*, 443 Pa. 442, 278 A.2d 362, 363–64 (1971). Defendants stipulated that they were "possessors" of the land under Pennsylvania law.

Although the duty owed to an independent contractor varies depending upon the control the possessor maintains over the work:

> it is a general rule that a possessor of the land must still use reasonable care to make the premises safe or give adequate and timely warning of dangers known to him but unknown to the contractor....

*Id.* 278 A.2d at 364. Thus, it is clear that plaintiff, an independent contractor and business invitee, came within the general category of persons to whom defendants might owe a duty of care under Pennsylvania law as reflected in the Restatement of Torts (Second).[1] But defendants argue

---

1. § 343. Dangerous Conditions Known to or Discoverable by Possessor
   A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

   (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

that the evidence overwhelmingly showed that they breached no duty owed plaintiff under § 343 because: (1) no reasonable inspection on the part of defendants could have discovered the allegedly hazardous birch tree; (2) even if the birch tree presented a risk of harm, the risk was not unreasonable; and (3) they reasonably could have expected plaintiff to discover and appreciate the risk. Defendants also say that they breached no duty they owed to plaintiff because it is settled law in Pennsylvania that a possessor of land owes no duty of care to an independent contractor who creates the dangerous situation.

On the foregoing bases defendants say that the jury's verdict of no negligence is fully supported by the record, and therefore constitutes a primary basis for affirming the judgment in favor of defendants. *Seewagen v. Vanderkluet,* 338 Pa.Super. 534, 488 A.2d 21, 24–25 (1985) (reasonableness of inspection and degree of risk presented); *Carrender v. Fitterer,* 503 Pa. 178, 469 A.2d 120, 124 (1983) (whether hazard is obvious). We certainly agree that on the evidence before it the jury could justifiably have reached the result suggested by defendants.

Plaintiff contends, however, that in reaching its verdict the jury, because of the district court's ruling, did not have before it material evidence of the standard of care owed by defendants to plaintiff. We subsequently determine herein that the OSHA standard of care regulation as evidence of the standard of care owed plaintiff was erroneously excluded by the district court and that its exclusion was not harmless. Thus, the jury was deprived of significant evidence. It follows that we cannot affirm the judgment on the ground that the evidence supported the jury verdict for defendants.

■ Defendants next argue that they were entitled to a directed verdict because the plaintiff failed to show a causal connection between his injuries and defendants' conduct. We address that issue.

Plaintiff testified that hazardous trees on Turkey Ridge where he was working were not marked prior to the commencement of logging operations. Thus, he says that he was not warned of the birch tree's deteriorated condition, or of the propensity of dead, dying or disturbed trees to fall due to ground tremors created by another falling tree. He testified that had he known about the effects of ground tremors he would have checked the trees in the area where he was preparing to cut to see if they were unstable.

Plaintiff went on to testify that he could have guarded further against the risk created by ground tremors by watching the suspect tree as he felled the healthy one. He stated that if he had seen a dead, dying or disturbed tree falling towards him, he would have had sufficient time to get out of the way. One of defendants' employees also testified that a logger was under no obligation to endanger himself by felling a hazardous tree. He testified further that if a logger became aware of a tree's hazardous condition, he could use equipment such as a bulldozer to bring the tree down safely.

We find that by testifying that he could have avoided the accident had he been made aware of the danger by some action of the defendants, plaintiff presented sufficient evidence of proximate causation to create a jury question. Thus, the court did not err in denying the motion for a directed verdict on this ground.

### B. Admissibility of Evidence of the OSHA Regulation

Plaintiff's expert, Dr. Winer, prepared a pre-trial report in which he stated his opinion that defendants had failed to cause the logging operation to be conducted in accordance with industry standards incorporated in a regulation of the Occupational Safety and Health Act ("OSHA"), the American National Standards Institute ("ANSI"), the American Pulpwood Association ("APA"), and Washington and Oregon state codes.

---

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

Defendants sought by motion a ruling *in limine* to bar the introduction of any direct or indirect evidence of the OSHA logging regulation, of other state codes dealing with pulpwood logging, and of the ANSI standard referred to in Dr. Winer's report.

Plaintiff attacks the district court's order barring, *inter alia,* the admission of the Pulpwood Logging safety regulation promulgated pursuant to the Occupational Safety and Health Act of 1970 ("OSHA"), 29 U.S.C. § 651 *et seq.* (1988).[2] The regulation provides:

> Dead, broken, or rotted limbs or trees that are a hazard (widow-makers) shall be felled or otherwise removed before commencing logging operations, building roads, trails, or landing, in their vicinity.

29 C.F.R. § 1910.266(c)(3)(ii) (1991).

■ Defendants assert at the outset that plaintiff abandoned his theory that defendants owed him the duty under the OSHA regulation covering the removal of dead or rotten hazardous trees by arguing at the conclusion of the trial that defendants were required to remove *all* hazardous trees. However, plaintiff's argument at trial that the birch tree here involved presented a hazard because of its shallow roots is a valid argument based upon alternative pleadings permitted under Rule 8(e)(2) of the Federal Rules of Civil Procedure. We do not view plaintiff's broader argument at the conclusion of the trial as constituting an abandonment of the more specific argument that defendants owed a duty within the scope of the OSHA regulation.

Defendants also argue that the OSHA regulation is inapplicable by its own terms. They say that an overwhelming amount of evidence demonstrated that the birch tree which fell upon plaintiff was alive at the time of the accident and that the OSHA regulation requires only the identification and removal of dead or rotten trees. Once again defendants ask this court to accept a possible factual conclusion that could have been drawn by the jury. Our review of the record on this point convinces us that reasonable minds could differ as to the condition of the tree. Thus, it would be inappropriate for this court to rely on this ground to affirm the district court's exclusion of the OSHA regulation. *Seewagen v. Vanderkluet,* 338 Pa.Super. 534, 488 A.2d 21, 25 (1985).

■ We turn now to plaintiff's attack on the court's *in limine* ruling precluding plaintiff from offering evidence through an expert witness as to the OSHA standard of care allegedly relevant to the logging operation here involved. Although no opinion was filed, we think the district court's ruling was based on its view that OSHA is limited to employees of an employer and since plaintiff was not an employee of Kane, the OSHA regulation was inapplicable to him. We so infer from the court's colloquy with counsel.[3]

The courts of appeals that have spoken are divided on the scope of the OSHA duty provisions. 29 U.S.C. § 654.[4] This court has not addressed the issue and, under our view of this case, we need not do so.

The issue to be decided here is whether the OSHA regulation is admissible in a diversity action as evidence of the standard of care owed by the defendants to the plaintiff, not whether the OSHA itself controls that issue. Since the question involves the admission of evidence in a federal court, the Federal Rules of Evidence control. We do not understand the parties to contend otherwise. Thus, our review of

**2.** The other evidence of the industry standard is treated subsequently herein.

**3.** COURT: Do you think I could overrule the Third Circuit finding on independent contractors? He was an independent contractor.
COUNSEL: But what I'm saying, the OSHA, as we have set forth, the OSHA regulations apply to the workplace relationship irrespective of how the contractual relationship is analyzed whether it's employer/employee, master/servant independent contractor—

COURT: I think you're right. That is our point of disagreement. Sustain the objection. App. at 384–85.

**4.** *Compare Barrera v. E.I. DuPont De Nemours & Co., Inc.,* 653 F.2d 915, 920 (5th Cir.1981) and *Melerine v. Avondale Shipyards, Inc.,* 659 F.2d 706, 711 (5th Cir.1981) *with Brennan v. OSHRC,* 513 F.2d 1032, 1038 (2d Cir.1975) and *Teal v. E.I. DuPont De Nemours & Co.,* 728 F.2d 799, 805 (6th Cir.1984).

the trial court's order excluding the evidence is for abuse of discretion. *Savarese v. Agriss,* 883 F.2d 1194, 1200 (3d Cir.1989).

We can think of no reason under the Federal Rules of Evidence why the OSHA regulation is not relevant evidence of the standard of care once it is determined, as we have done, that under Pennsylvania law the defendants could owe plaintiff a duty of care. It is important to reiterate that to use the OSHA regulation as evidence here is not to apply the OSHA itself to this case. Rather, it is to "borrow" the OSHA regulation for use as evidence of the standard of care owed to plaintiff. This is precisely how the Pennsylvania state courts have employed OSHA regulations. *See e.g. Brogley v. Chambersburg Eng'g Co.,* 306 Pa.Super. 316, 452 A.2d 743, 746 (1982). Thus, we conclude that it was not consistent with a sound exercise of discretion for the district court to exclude testimony covering the OSHA regulation.

■ Defendants assert, however, that any error committed by the district court in excluding OSHA evidence was harmless under Federal Rule of Evidence 103(a)[5] because the language of the OSHA regulation was admitted into evidence although it was identified only as the APA standard.[6] In consequence, as defendants say, the jury had the OSHA standard of care before it, albeit unidentified as such.

We believe, however, that this harmless error issue is not as simplistic as defendants suggest. The plaintiff's expert was limited before the jury to identifying and relying on the APA standard as the basis for his testimony. Thus, the jury was made aware only that the APA standard bore the imprimatur of an industry trade group. They were completely unaware that in its OSHA dress the regulation was

much more significant because it constituted a nationwide legal standard in all OSHA enforcement actions. We are unwilling to say that the difference in the "quality" of proof as to the standard of care might not have been significant had the jury been aware of it. We therefore conclude that the exclusion of the OSHA standard of care, as such, may have substantially and adversely affected plaintiff's rights. So viewed, the error was not harmless. It is for this reason that we concluded earlier herein that we were unable to give effect to the jury's verdict.

## C. OSHA and Negligence Per Se

■ Plaintiff filed a motion *in limine* seeking an order establishing defendants' negligence as a matter of law, subject to a showing of proximate cause, based upon defendants' allegedly admitted violation of the OSHA regulation. The district court denied the motion without opinion. We think it did so for precisely the reason it barred evidence of the OSHA standard, viz., that the OSHA regulation was inadmissible and thus, could not support plaintiff's request. We exercise plenary review over the district court's order because it involves the selection, interpretation and application of legal precepts. *Dent v. Cunningham,* 786 F.2d 173, 175 (3d Cir.1986).

Plaintiff contends that Pennsylvania law permits him to use a violation of a statute or regulation as the basis for a finding of negligence per se. *Kaplan v. Phila. Transp. Co.,* 404 Pa. 147, 171 A.2d 166, 167 (1961). He refers us to the so-called four part test identified in *Cecile Indus., Inc. v. United States,* 793 F.2d 97, 99–100 (3d Cir.1986) (collecting Pennsylvania cases).

The difficulty with plaintiff's argument is that this court has held that due to the

---

**5.** Rule 103(a) provides, in relevant part, that "[e]rrors may not be predicted upon a ruling which admits or excludes evidence unless a substantial right of the party is affected...." *See also* Fed.R.Civ.P. 61.

**6.** The 1983 APA publication entitled "Safe Manual Felling," referenced in Dr. Winer's report, provides general guidelines for safe logging practice. It also contains a list of applicable OSHA regulations characterized as "mandatory

safety standards." The text of OSHA regulation section 1910.266(c)(3)(ii) is among those listed. One of defendant's employees was called upon to read that language aloud at trial. App. at 276. In addition, Dr. Winer testified that according to the APA, hazardous trees "should be identified, at a minimum, and then, if possible, and with minimum delay, the hazard should be eliminated." App. at 119.

express statutory language of 29 U.S.C. § 653(b)(4) limiting its use, "a violation of an OSHA regulation could not constitute negligence per se." *Ries v. National R.R. Passenger Corp.*, 960 F.2d 1156, 1165 (3d Cir.1992). Given this interpretation of the OSHA for federal law purposes, we do not believe a federal court, even though exercising diversity jurisdiction, can apply the four part test of *Cecile Industries* to determine whether there was per se state law liability based on the OSHA regulation. For a federal court to do so would be to give perhaps a broader application to a federal regulation than does the federal substantive law itself, an anomaly at best. Indeed, applying the test identified in *Cecile Industries* could result in the district court's giving conclusive effect to an OSHA regulation in a diversity action whereas a Pennsylvania court hearing the same case would not. We say this because, as a Pennsylvania court has said in the context of deciding the relevance of another OSHA regulation: " 'Proof of the violation of a statute or ordinance is permissible, *not as conclusive proof of negligence*, but as evidence to be considered with all other evidence in the case.' " *Wood v. Smith*, 343 Pa.Super. 547, 495 A.2d 601, 603 (1985) (quoting 27 P.L.E. § 175 (1960) (emphasis added)), *appeal dismissed as improvidently granted*, 512 Pa. 641, 518 A.2d 266 (1986); *see also* Restatement (Second) of Torts § 286 (1965). We

therefore conclude that the district court did not err in denying plaintiff's motion *in limine* for a per se application of the OSHA regulation.

### D. ANSI and State Law

Finally, we address the issue of whether the district court properly excluded plaintiff's proffered evidence of the standards set forth by the ANSI [7] and the duties imposed under Washington [8] and Oregon laws.[9] Since the district court did not articulate why it was excluding the ANSI and state law evidence, we are left to speculate. Defendants suggest that the district court's decision to exclude the evidence was justified because each cited regulation or standard had been superseded by the time of the accident.[10] Thus, defendants say that these regulations were irrelevant. *See Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 764 (5th Cir.1989) (probability of confusion on the part of the jury as to relevance of code provision no longer in effect).

Plaintiff does not dispute the fact that Dr. Winer's report relied upon superseded regulations or standards. Instead, he contends that the evidence was admissible to reflect industry standards as part of the literature upon which Dr. Winer based his opinion. Plaintiff argues that the fact that the proffered standards have been super-

---

7. Section 2.3.5 of the "American National Standard–Safety Requirements for Pulpwood Logging" ANSI Standard 03.1–1971, is identical to the OSHA regulation on pulpwood logging.

8. Dr. Winer's report provided the following Washington regulation:

   Q–8 Snags over 25 feet high shall be felled prior to logging in clear cut areas.
   App. at 100 (citing to Safety Standards for Logging Operations, State of Washington).

9. The Oregon regulation cited in Dr. Winer's report provides:

   1.43 To as great a degree as is consistent with the best logging practice, all Dangerous Snags, and Trees within reach of work areas, roads or rigging shall be felled before the regular operations begin.
   Safety Code for Logging, Supp. to the Basic Safety Code for the State of Oregon, section 1.43 (August 1, 1951), as promulgated by the State

Industrial Accident Commission pursuant to Or. Comp.Laws Ann. §§ 102–1228 –1246 (1940). These safety regulations have the force and effect of law. *Arnold v. Gardiner Hill Timber Co.*, 199 Or. 517, 263 P.2d 403, 405 (1953).

10. The 1971 ANSI standard was withdrawn by the ANSI in the fall of 1984, six months prior to plaintiff's accident. Plaintiff's Brief at 21. The Oregon regulation cited by Dr. Winer was altered at least by 1958, *see* Safety Code for Logging, Supp. to the Basic Safety Code for the State of Oregon, section 1.12 (May 15, 1958). The Basic Safety Code itself was replaced by the Oregon Occupational Safety and Health Code. The earlier logging safety rule was maintained, in substantially the same form, however, in Or.Admin. Rules § 437–80–105 (1980), as amended by Or.Admin. Rules § 437–06–380 (1992). Similarly, the Washington regulation was replaced by a functionally equivalent regulation. Wash.Admin. Code, § 296–54–030 (1974).

seded goes to the weight to be accorded the evidence, rather than its admissibility.

Because of our conclusion that the exclusion of the OSHA evidence constituted prejudicial error, we must reverse the district court's judgment for defendants and order a new trial. This action will afford plaintiff an opportunity to re-present the ANSI and state law evidence to the district court for resolution of its admissibility on the present record or as amended. In this way, the basis for any ruling thereon can be made clear.

### III. CONCLUSION

We will vacate the judgment of the district court.

We will reverse the *in limine* order of the district court to the extent it excludes evidence of the OSHA standard. We will affirm the *in limine* order of the district court denying plaintiff's motion requesting a finding of negligence per se. This appeal will be remanded to the district court for further proceedings consistent with this opinion.

The parties shall bear their own costs.