*507 BRIGHT,
dissenting.
I respectfully dissent from the majority’s opinion because New Jersey’s interest in providing a right of action for compensation to its resident child in this case justifies application of New Jersey’s statute of limitations. N.J. Stat. § 2A:14-2 tolls the applicable statute of limitations for minors until the minor reaches the age of majority. Del. Code Ann. tit. 18, § 6856 tolls the statute of limitations for minors until the minor reaches the age of six years. Robert Warriner is a minor over the age of six years, and therefore, the district court’s application of Delaware’s statute of limitations proved fatal to his cause of action against Stanton and the hospital parties.
In this instance, the majority does not assign sufficient weight to New Jersey’s compensation interest. A review of the cases in New Jersey and in this circuit shows one consistent result: New Jersey’s statute of limitations, when longer, is applied in lawsuits for injuries occurring in another state when brought in New Jersey by New Jersey residents. For example, in Warner v. Auberge Gray Rocks Inn, Ltee., 827 F.2d 938, 942 (3d Cir.1987), this court applied New Jersey’s statute of limitations when a New Jersey resident sued a Canadian entity for an injury that occurred in Quebec. Quebec’s one-year statute of limitations had run prior to the commencement of the suit and New Jersey’s longer statute of limitations had not. Id. at 940. When applying New Jersey’s statute of limitations, the court focused on New Jersey’s significant interest in providing a right of compensation for its residents. See id. at 941-42. Likewise, in Schum v. Bailey, 578 F.2d 493 (3d Cir.1978), this court applied New Jersey law when a New Jersey plaintiff brought an action against a New York doctor for malpractice alleged to have occurred in New York.[8] See id. at 497. Because New York did not have an applicable discovery rule (relating to when the statute of limitations begins to run) and New Jersey did, application of New York’s law, as in the instant case with Delaware’s law, would have been fatal to plaintiffs claim. See id. at 494-95.
Similarly, in Pine v. Eli Lilly & Co., 201 N.J.Super. 186, 492 A.2d 1079 (App.Div.1985), the plaintiffs residence constituted the only contact with New Jersey. Notably, the plaintiff had established residence in New Jersey after discovering his potential claim would be time barred in New York. Id. at 1081-82. The court determined that New Jersey’s interest in compensating its own domiciliaries was paramount and outweighed other governmental interests, even though the “ ‘factual contacts’ prong of'the governmental interest test alone would require the ‘borrowing’ of New York’s limitation's statute[.]” Id. at 1083; see also Dent v. Cunningham, 786 F.2d 173, 176, 177 (3d Cir.1986) (New Jersey’s longer statute of limitations applied despite significant California contacts because of New Jersey’s substantial interest in compensating its own domiciliaries).
Moreover, the majority exaggerates the impact on Delaware’s interest in shielding health care providers from stale claims by focusing on Delaware’s statute of limitations for medical malpractice claims rather than on the relevant tolling provisions applicable to the claims of minors. Both Delaware and New Jersey have expressed *508 a policy of protecting minors by enacting minor tolling measures. See N.J. Stat. § 2A: 14-2 (tolling until minor reaches age of majority, but prior to child’s thirteenth birthday for medical malpractice claims for injuries sustained at birth); Del. Code Ann. tit. 18, § 6856 (tolling until minor reaches age of six years). Although applying the longer of the two provisions would impact Delaware’s policy more than applying the shorter provision would, this presents a question of degree of impact, not, as the majority describes, a “direct contravention” of Delaware’s interest.
In this case, also, Stanton and the hospital parties maintained sufficient contacts with New Jersey residents to create an expectation that they might be subject to New Jersey laws. Notably, Stanton held a license to practice medicine in New Jersey at the time of the injury. The majority attempts to minimize these contacts by explaining that Stanton held a license only for the purpose of collecting payments from the state of New Jersey for medical treatments for New Jersey patients. Yet, this reason for Stanton’s contacts does not diminish them.
Of particular concern is that the alleged malpractice in this case happened to a child. Both Delaware and New Jersey, by tolling their statutes of limitations as applied to minors, have expressed a policy to permit children an extended opportunity to recover for their injuries. Here, this policy expressed by both states requires a conclusion asserting the primacy of the longer New Jersey statute of limitations to protect the rights of the injured child.

. The majority distinguishes this analogous precedent by explaining, as the district court did, that "in Schum, there was no true conflict between the policies of the states of New York and New Jersey.” I disagree. See Schum, 578 F.2d at 501-02 (Gibbons, J., concurring) (finding the existence of a conflict between New York’s interest in the cost of health care and New Jersey's compensation interest).