Crane *v.* I.T.E. Circuit Breaker Co., Appellant.

Argued November 19, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and POMEROY, JJ.

reargument refused June 28, 1971.

*Eugene R. Lippman,* with him *Krusen, Evans and Byrne,* for appellant.

*Thomas B. Rutter,* with him *Litvin and Rutter,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, June 1, 1971:
Plaintiff-appellee, Edwin J. Crane, was an employee of E. A. Gallagher & Sons (Gallagher), a rigging company. Crane sustained serious personal injuries when he was trapped and crushed between a falling 2,000 pound skid and a moveable metal parts transportation rig in defendant-appellant's, I.T.E. Circuit Breaker (ITE), Philadelphia plant.

Gallagher—*an independent contractor*—had contracted with ITE to remove from ITE's premises certain pieces of heavy machinery. The machinery was to be partially dismantled, placed on skids and then hauled to a railroad siding for shipment. On the day of the accident, plaintiff and a number of other Gallagher employees were engaged in moving a piece of the machinery through a narrow area in the plant. Attempting to avoid a large rack which was in the aisle, *one of the Gallagher employees* was unable to maintain sufficient tension on his guideline securing the skid and machinery, and it fell on plaintiff, seriously injuring him. *Plaintiff's complaint charged defendant-ITE with negligence in failing to provide a safe passageway and in failing to keep the passageway clear of*

*obstructions.* The jury returned a verdict in favor of plaintiff-Crane and ITE's motions for judgment n.o.v. and for a new trial were denied by the Court en banc, one Judge dissenting. This appeal followed the entry of judgment.

After first characterizing the relationship between plaintiff (Crane) and defendant (ITE) as that of a business invitee (plaintiff) to a possessor of land (defendant), the case was submitted to the jury by the trial Judge on three possible theories of recovery:* (1) Defendant-ITE had a duty to exercise reasonable care to make its premises safe for plaintiff-Crane, an employee of the independent contractor-Gallagher, or to give plaintiff adequate warning of any dangers known to defendant but unknown to plaintiff; (2) defendant had a duty to exercise reasonable care to prevent the independent contractor-Gallagher from creating an unreasonable risk of harm to others, if it knew or should have known that it had the ability to control Gallagher and that there was a need and an opportunity to exercise control; (3) defendant had a duty to exercise reasonable care to discover the negligent acts or the likelihood of negligent acts by the independent contractor-Gallagher and to exercise a reasonably careful supervision over the appliances and the methods of the independent contractor-Gallagher.

It is ITE's first contention that it is entitled to judgment n.o.v. because, when considered in the light of the evidence, plaintiff failed to sustain his burden of proof under any theory of his case or the applicable principles of law. We agree.

It is a general rule that a possessor of land has a duty (1) to use reasonable care to make the premises

---

* Although the instructions state there were only two duties imposed on ITE, a breakdown of their content shows that there were actually three duties imposed.

safe for the use of persons invited to use the premises for business purposes or (2) to give them adequate and timely warning of dangers known to him but unknown to the business invitees. *Janowicz v. Crucible Steel Company of America,* 433 Pa. 304, 249 A. 2d 773; §343, Restatement 2d, Torts. Moreover, a possessor of land *who retains and exercises control over work,* including construction work, *entrusted to an independent contractor* is liable for harm caused by his failure to use reasonable care in the exercise of that control. *Cooper v. Heintz Mfg. Company,* 385 Pa. 296, 122 A. 2d 699; *Hader v. Coplay Cement Mfg. Company,* 410 Pa. 139, 189 A. 2d 271; §414, Restatement 2d, Torts. *Janowicz v. Crucible Steel Company of America,* 433 Pa., supra; §332, Restatement 2d, Torts, Comment e.

The principles governing the duty of a possessor of land to the employees of an independent contractor of course differ when the landowner or possessor does not retain control of the performance of the contracted work. In such a case, it is a general rule that a possessor of the land must still use reasonable care to make the premises safe or give adequate and timely warning of dangers known to him but unknown to the contractor or his employees. *Funari v. Valentino,* 435 Pa. 363, 257 A. 2d 259. However, the possessor of the land can insulate himself from liability by warning the contractor of the existence of any dangerous conditions on the premises which he knows or should know, and need not warn the contractor's employees. *Grace v. Henry Disston & Sons, Inc.,* 369 Pa. 265, 85 A. 2d 118. Finally, these duties cannot be imposed upon the possessor of land, if the defective conditions were created by the work of the independent contractor or his employees. *Celender v. Allegheny County Sanitary Authority,* 208 Pa. Superior Ct. 390, 222 A. 2d 461.

Applying these principles to the facts in this case, the question becomes whether ITE's positioning of the

rack in the passageway (which incidentally was obvious to plaintiff and everyone) in and of itself can reasonably be said to be a defective or dangerous condition on the premises. We think not.

In imposing the second and third above-mentioned duties on ITE, both the plaintiff and the Court below relied on our decision in *Glass v. Freeman,* 430 Pa. 21, 240 A. 2d 825. However, this reliance was misplaced. The rule enunciated in *Glass* closely parallels §§318 and 344 of the Restatement 2d, Torts, and is undoubtedly inapplicable. A careful examination of §§318 and 344 of the Restatement demonstrates that neither can properly be applied to the facts in the instant case. Section 318 deals with the duty of a possessor of land or chattels to control the conduct of a *licensee.* Section 344 deals with and covers the situation where a possessor of land holds it open to the general public for entry for business purposes. Although Comment c thereunder indicates that the intended coverage of §344 includes the acts of independent contractors and concessionaires employed or permitted to carry on activities upon the land, Comment a thereof makes it clear that §344 imposes liability *only* on possessors of land who hold it open to the public for business activities. See also, §415 Restatement 2d, Torts. In our judgment, neither *Glass v. Freeman,* nor §318, nor §344 controls or applies to this case.

The only theory upon which liability could be predicated is that of negligence in the exercise of control (if any) which ITE retained over the manner in which the work was performed by Gallagher, the independent contractor.

We have carefully reviewed this record in its entirety and believe that the evidence was inadequate to prove such control by ITE.

Judgment on the verdict reversed and judgment non obstante veredicto is here entered for the defendant.

Mr. Justice JONES concurs in the result.

Mr. Justice COHEN took no part in the decision of this case.

Mr. Justice ROBERTS took no part in the consideration or decision of this case.