## Byrd v. Merwin (No. 2)

*James C. Brennan,* for plaintiff.

*Francis A. Ferrara* and *George J. McConchie,* for defendants.

LIPPINCOTT, J., April 11, 1972.—Plaintiff, a journeyman electrician employed by an independent contractor, sustained personal injuries while working on the renovation of premises owned by defendant, Allen O. Olin. The injury occurred when a prefabricated staircase section was dropped or permitted to fall on plaintiff's leg by an employe of the other defendant, Joseph H. Merwin, the carpentry contractor.

Plaintiff received an $11,000 verdict against both defendants, the amount of which is not in controversy, since the injuries were severe. Defendants have filed motions for judgment n.o.v. and new trial, which are now before the court en banc for disposition following argument and submission of briefs.

Viewed in the most favorable light to the verdict winner, the evidence shows that defendant, Olin, a practicing attorney in Chester County, had purchased a building for renovation into a law office and rental apartments. He knew nothing about construction matters and selected Merwin as his principal contractor[1]

---

[1] Olin also testified that "Merwin's function was to supervise the entire job", although this was disputed by Merwin. However, the evidence produced in plaintiff's own case supports this statement, since it is uncontradicted that Merwin handled many other functions in addition to the carpentry work and was paid a sum for "supervision."

on the advice of the architect and another friend. Olin himself, however, engaged the other subcontractors and paid them directly. Plaintiff, an electrician employed by the electrical subcontractor, was assigned the task of wiring the building.

The accident occurred on April 17, 1967, when Merwin's 16-year-old son carelessly handled a prefabricated staircase section while moving it into the apartment where plaintiff was working. Plaintiff testified that he saw the boy suddenly drop or release the staircase, which fell towards plaintiff and struck him on the leg. While there was some evidence that plaintiff had observed two of Merwin's sons "fooling around" on the job on a previous day, there was no proof that such conduct occurred on the day in question or that defendant Olin had any knowledge of this behavior. The evidence was also clear that Merwin's son was physically competent to handle the staircase section, which was approximately three by six feet in size.

With respect to liability of defendant, Olin, plaintiff relies exclusively[2] upon section 414 of the Restatement, 2d, Torts. This section provides as follows:

"One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care."

It seems clear in analyzing this section that, in order

---

[2] While plaintiff also suggests that Merwin was the employe of Olin, rather than an independent contractor, the evidence does not support this argument. In any event, such relationship was not pleaded and this court previously barred an attempted amendment beyond the Statute of Limitations. See Byrd v. Merwin, 54 D. & C. 2d 19, 59 Del. Co. 138 (1971).

to hold Olin responsible, he must have retained control over the "operative detail" of the work (see Comment a thereunder). As is further indicated in comment b, the rule is usually enforced where the employer himself or through a foreman superintends the entire job. The further elucidation contained in comment c is particularly applicable:

"c. In order for the rule stated in this section to apply, the employer must have retained at least some degree of *control over the manner in which the work is done*. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way." (Italics supplied.)

The record in this case is devoid of any evidence from which the jury could have reasonably determined that Olin retained and exercised control over the manner in which the work was done by Merwin. On the contrary, Olin had no experience in the building business and Merwin was totally independent in performing his work. While it is true that Olin directly employed and paid the other subcontractors, such as the plumber, electrician, and air conditioning contractor, and in this sense might be considered a general contractor, he was clearly not acting in a *supervisory* capacity or involved in the operative detail of the work.

The most recent case interpreting section 414 of the Restatement of Torts is Crane v. I.T.E. Circuit Breaker

Co., 443 Pa. 442, 278 A.2d 362 (1971). The facts are somewhat similar to those in the case at bar. Plaintiff, an employe of an independent contractor, was injured while moving heavy machinery on defendant's property. A skid fell on plaintiff when a narrow passageway blocked movement of the machinery. The judgment for plaintiff was reversed by unanimous opinion of the Supreme Court. The court indicated that a possessor of land may only be held liable when he retains and exercises control over the manner in which the work is performed. See also Celender v. Allegheny County Sanitary Authority, 208 Pa. Superior Ct. 390, 222 A.2d 461 (1966); Hader v. Coplay Cement Mfg. Co., 410 Pa. 139, 189 A.2d 271 (1963) and Green v. Independent Oil Co., 414 Pa. 477, 201 A.2d 207 (1964).

We believe that the apposite section of the Restatement 2d, Torts, in section 426, which states:

"Except as stated in §§428 and 429 [not relevant herein], an employer of an independent contractor, unless he is himself negligent, is not liable for physical harm caused by any negligence of the contractor if

"(a) the contractor's negligence consists solely in the improper manner in which he does the work, and

"(b) it creates a risk of such harm which is not inherent in or normal to the work, and

"(c) the employer had no reason to contemplate the contractor's negligence when the contract was made."

As is explained in comment a thereunder: "The kind of negligence covered by this Section, for which the employer is not liable, is commonly called by the courts 'collateral negligence,' meaning negligence collateral to the contemplated risk. Sometimes it is called 'casual negligence.' It has sometimes been described as negligence in the operative detail of the work, as distinguished from the general plan or method followed or the result to be accomplished. . . ." See

also illustration 4 thereunder, which would seem to be particularly appropriate.

In the case at bar, plaintiff was the victim of a single, isolated act on the part of Merwin's employe, an act which anyone, however old and experienced he might have been, could have committed. There was nothing about the condition of the property or the age and skill of the 16-year old boy that was known to Olin, but unknown to plaintiff. Accordingly, there was no obligation upon Olin to warn plaintiff of the situation.

For these reasons, we feel that judgment n.o.v. must be entered in favor of defendant, Olin, since there is no evidence of negligence on his part under any theory of liability.

As to the responsibility of defendant, Merwin, it can hardly be questioned that there was ample evidence of negligence to support the verdict. His employe obviously was careless in either dropping the staircase section or putting it down improperly so that it fell upon plaintiff.

The cases cited by Merwin with respect to the doctrine of res ipsa loquitur and exclusive control are readily distinguishable, since they are grounded upon lack of notice or proof of where the falling object came from. These are no problem in the instant case, since there is substantial, positive evidence that Merwin's employe was in control of the staircase section at the time it fell.

The other arguments raised by Merwin in support of his motion for new trial are likewise without merit. The answer given by the trial judge to the question asked by the jury with respect to the distinction between a "pure accident" and an accident caused by negligence was legally correct and, when considered in conjunction with the further instructions given at the same time, was more than adequate. Furthermore,

the explanation actually benefited defendant and we, therefore, do not understand what he now complains about.

We enter the following

### ORDER

Now, April 11, 1972, following argument before the court en banc and upon consideration of briefs, it is ordered and decreed that:

1. Judgment n.o.v. is entered in favor of Allen O. Olin;

2. The motions of Joseph H. Merwin for judgment n.o.v. and a new trial be and they are hereby dismissed.