Byrd, Appellant, *v.* Merwin.

Argued January 18, 1974. Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*James C. Brennan,* with him *Hinkson & Brennan,* for appellant.

*George J. McConchie,* with him *Cramp, D'Iorio, McConchie and Surrick,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 25, 1974:
This appeal arises from an order of the Superior Court which affirmed the order of the Court of Common Pleas of Delaware County granting the motion of

Olin, appellee herein, for a judgment notwithstanding the verdict. We granted allocatur.

The facts surrounding this appeal are as follows: Allen O. Olin is an attorney in Chester County who purchased a building which he intended to renovate into his law office and rental apartments. Olin hired one Joseph H. Merwin to act as his general contractor for the renovation of the building. In the course of the renovation, Olin also hired one William F. Walsh, an electrical contractor, to do the electrical work that Merwin was unable to perform. Appellant, James P. Byrd, was an employee of Walsh, acting in the capacity of a journeyman electrician on the project. Appellant, who had been on the job site several days previous to his accident, noticed the Merwin children, who were also working on the project, engaged in certain conduct that he felt was dangerous and reported the same to Walsh. On his third day on the project, Byrd was injured when Joey Merwin, aged sixteen, dropped a prefabricated staircase section on appellant's leg. This staircase had not been installed prior to the electrical wiring phase of the project, although prior installation was the usual procedure in such situations.

Appellant filed suit against both Olin and Merwin. The jury returned with verdicts against both defendants; the trial court granted appellee's motion for a judgment n.o.v., and denied Merwin's similar motion.[1]

The basis for the court's grant of a judgment notwithstanding the verdict in favor of Olin was that it felt that appellant had failed to meet the prerequisites for establishing liability as to Olin under §414 of the Restatement of Torts, 2d, which was appellant's theory of negligence.

Section 414 provides as follows: "One who entrusts work to an independent contractor, but who retains the

---

[1] Merwin did not appeal.

control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care."

The court, reading the first part of Comment (a) to §414, which provides, in part: "If the employer of an independent contractor retains control over the operative detail of doing any part of the work, he is subject to liability for the negligence of the employees of the contractor engaged therein, under the rules of that part of the law of Agency which deals with the relation of master and servant," found that as a matter of law the appellee did not exercise such control over the operative details of the project so as to impose liability over him under the theory of master and servant.

While the court may have been correct in that respect, it apparently ignored the second part of Comment (a), which provides as follows: "The employer may, however, retain a control less than that which is necessary to subject him to liability as master. He may retain only the power to *direct the order in which the work shall be done,* or to forbid its being done in a manner likely to be dangerous to himself or others. Such a supervisory control may not subject him to liability under the principles of Agency, but he may be liable under the rule stated in this Section unless he exercises his supervisory control with reasonable care so as to prevent the work which he has ordered to be done from causing injury to others." (Emphasis supplied.)

This second part of Comment (a) makes it clear that §414 was not designed to establish liability under the theory of respondeat superior, but was designed to impose liability on the employer who, while hiring an independent contractor, exercises a certain degree of control as to supervision.

In reviewing the evidence in a light most favorable to appellant, the verdict winner, we find that the jury may well have found such control on the part of Olin. See *Fallon v. Penn-Central R.R.*, 444 Pa. 148, 279 A.2d 164 (1971).

In order to establish that Olin exercised control as to supervision of the project, appellant, through Mr. Walsh, his employer, proved that Olin instructed the electrical contractor when to begin his work on the project and in what area to begin. Secondly, it was proven that appellee hired the subcontractors on the project rather than Merwin, the alleged general contractor. In addition, Merwin himself testified that he was not in complete control of the project, but rather he was second in command to Olin. Moreover, Olin was responsible for the financing of the project and in fact paid the materialmen personally. These facts clearly establish that Olin exercised that degree of control that is required by §414 in order to impose liability on the owner.

Inasmuch as Olin exercised that degree of control that is required to impose liability, we must determine if the record supports a finding that he did not exercise that control in a reasonable manner.

Appellant first testified that he saw Merwin's sons "clowning around" on the job and saw them throwing bricks from the building. Moreover, appellant stated that the staircase which fell on him during its installation, was generally erected before the electrical work was started. It must be remembered that it was Olin who ordered the electrical work started before the staircase was installed.

Olin, in support of his position that there was no negligence in this case which would impose liability under §414 of the Restatement of Torts, 2d, cites our decision in *Crane v. ITE Circuit Breaker Co.*, 443 Pa. 442, 278 A.2d 362 (1971), and contends that the instant

case is controlled by *Crane* because in both situations there was no negligence on the part of the employer. However, in *Crane,* we never reached the issue of whether the defendant was negligent in his exercise of control and supervision because the facts did not sustain a finding that he had such control. In the instant case, on the other hand, as evidenced by our previous discussions the facts indicate that it was Olin who controlled the order in which the work was performed and the jury was justified in finding that Olin was negligent in exercising that control.

Since Olin's motions for a new trial were not considered by the trial court, the case must be remanded for consideration of these motions.

Order of the Superior Court and judgment of the Court of Common Pleas of Delaware County are reversed and the jury award is reinstated. Case remanded for consideration of Olin's motion for a new trial.

Mr. Chief Justice JONES took no part in the consideration or decision of this case.

Mr. Justice EAGEN and Mr. Justice NIX concur in the result.

Mr. Justice POMEROY dissents.