■ VLADIMIR KOZINEVICH et al., Respondents, v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant. SHULTZ COMPANY, INC., Third-Party Defendant-Appellant. [607 NYS2d 421] —In an action to recover damages for personal injuries, etc., the defendant and third-party plaintiff and the third-party defendant separately appeal from a judgment of the Supreme Court, Kings County (Dowd, J.), dated March 27, 1991, which, *inter alia,* upon a jury verdict finding them to be 75% at fault and 25% at fault, respectively, in the happening of the accident, is in favor of the plaintiff Anna Kozinevich individually in the principal

sum of $829,061.44, and is in favor of the plaintiff Anna Kozinevich as conservator of Vladimir Kozinevich in the principal sum of $5,552,906.06.

Ordered that the judgment is reversed, on the law, with one bill of costs, and the complaint is dismissed.

The plaintiffs commenced this action to recover damages for injuries which they suffered when supermarket shelving which had been stocked with grocery items collapsed on the plaintiff Vladimir Kozinevich. The accident occurred on the premises of a supermarket located in Philadelphia, Pennsylvania, and controlled by the defendant and third-party plaintiff Great Atlantic & Pacific Tea Company (hereinafter A & P). At the time of the accident, Kozinevich was working as a welder for the third-party defendant The Shultz Company, Inc. (hereinafter Shultz), an independent contractor which had manufactured and supplied the supermarket shelving to A & P and which had dispatched Kozinevich and a work team of Shultz personnel to the premises to correct a leaning condition in the shelving. The plaintiffs commenced this action against A & P, essentially contending that A & P had negligently stocked the shelves so as to render them unbalanced. A & P in turn commenced a third-party action against Shultz. At the conclusion of the liability phase of the trial, at which the law of Pennsylvania was applied, the jury found that A & P was 75% responsible for the accident and that Shultz was 25% responsible. Substantial damages were subsequently awarded to the plaintiffs.

A & P and Shultz presently contend that the judgment must be reversed and the complaint dismissed for a failure of proof that A & P was negligent in this case. We agree. Indeed, "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499). Although the jury returned a general verdict finding A & P liable, two distinct theories of negligence were submitted to it. The first was a general "premises liability" theory, pursuant to which the court instructed the jurors that A & P was required to employ reasonable care in the maintenance and use of the premises, and that A & P could be held liable for negligence if it breached this duty and thereby caused injury to Kozinevich (see generally, Olson v Washington Country Club, 340 Pa Super 168, 489 A2d 895). The evidence adduced at trial does not support a finding of liability under this

theory. Pursuant to the law of Pennsylvania, A & P was under no duty to warn business invitees such as Kozinevich of a danger which was at least as obvious to him as it was to A & P *(see, Repyneck v Tarantino,* 415 Pa 92, 202 A2d 105). Moreover, a property owner has no duty to safeguard the employees of an independent contractor from those risks which arise from or are intimately connected with the defects or hazards which the contractor has been brought on the premises to correct or which are created by the work contracted *(see, Hader v Coplay Cement Mfg. Co.,* 410 Pa 139, 189 A2d 271; *Celender v Allegheny County Sanitary Auth.,* 208 Pa Super 390, 222 A2d 461). Here, A & P made Shultz and Kozinevich aware that the stocked shelving had a leaning problem, and Shultz and Kozinevich thereafter formulated a plan whereby this condition would be repaired, *inter alia,* by welding. Moreover, during the repair process, Shultz personnel directed the removal of goods from the bottom shelves only, thereby apparently creating greater imbalance in the shelving. Accordingly, the evidence overwhelmingly demonstrates that Shultz personnel, including Kozinevich, were aware of the open and obvious leaning condition of the stocked shelves and were in fact dispatched to the premises precisely to remedy this condition. To the extent that the partial unloading of the shelves exacerbated their instability, that unloading was directed by Shultz to facilitate its work and thus arose from the activity which the independent contractor had undertaken.

The second negligence theory submitted to the jury concerned the "peculiar risk doctrine", which constitutes an exception to the general rule absolving employers of independent contractors from liability for the contractor's negligence. Pursuant to this doctrine, an employer may be held vicariously liable for the negligence of an independent contractor where, at the time of contracting, the employer should anticipate that the work will involve an unusual or extraordinary risk of harm which is not generally associated with the activity and which is likely to occur unless the contractor takes special precautions *(see,* Restatement [Second] of Torts § 416; *Philadelphia Elec. Co. v James Julian, Inc.,* 425 Pa 217, 228 A2d 669; *Lorah v Luppold Roofing Co.,* 424 Pa Super 439, 622 A2d 1383; *Ortiz v Ra-El Dev. Corp.,* 365 Pa Super 48, 528 A2d 1355). Inasmuch as the risk of the shelving collapsing in this case was not unusual or extraordinary, in view of the work which the Shultz personnel were on the premises to perform, and the harm could have been prevented by the

exercise of ordinary care on the part of the independent contractor, the doctrine of peculiar risk is inapplicable to the circumstances of this case as a matter of law *(see generally, Sharkey v Airco, Inc.,* 522 F Supp 646, *affd* 688 F2d 824; *Marshall v Southeastern Pa. Transp. Auth.,* 587 F Supp 258; *Lorah v Luppold Roofing Co., supra; Peffer v Penn 21 Assocs.,* 406 Pa Super 460, 594 A2d 711; *Ortiz v Ra-El Dev. Corp., supra).*

The plaintiffs contend that A & P could be held responsible for the accident under a premises liability theory by the application of Restatement (Second) of Torts §§ 343 and 343A, which have been adopted by the Pennsylvania courts *(see, e.g., Carrender v Fitterer,* 503 Pa 178, 469 A2d 120). However, inasmuch as the jury was not instructed as to either of these provisions and the plaintiffs neither requested such instructions nor objected to their omission, they are not properly before us for consideration and the plaintiffs are precluded from relying upon them on appeal *(see, Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, *affd* 64 NY2d 670; *Wentz v Pennswood Apts.,* 359 Pa Super 1, 518 A2d 314; *Olson v Washington Country Club,* 340 Pa Super 168, 489 A2d 895, *supra).* In any event, were we to consider this contention, we would find that the evidence fails to support a verdict of liability under either of these provisions. Section 343 merely provides that a possessor of property is required to exercise reasonable care to protect invitees from a dangerous condition on the premises where the possessor knows of the condition, realizes that it involves an unreasonable risk of harm to the invitees, and should expect that the invitees will not discover or realize the danger or will fail to protect themselves against it. The evidence in this case demonstrates that Shultz and its employees were aware of the open and obvious condition, and there is no basis for a conclusion that A & P should have expected that Shultz, as an independent contractor called to the scene to correct the condition, would fail to protect its personnel from any risks associated therewith. Thus, A & P discharged any duty of care it had under section 343 *(see generally, Crane v I.T.E. Circuit Breaker Co.,* 443 Pa 442, 278 A2d 362). Similarly, there is no support for a finding that A & P failed to observe any obligation imposed by section 343A (1), which provides that a possessor of land may be held liable for harm to invitees caused by an activity or condition on the premises which is known or obvious to the invitees, but where the possessor should nevertheless anticipate that the invitees will forget, be distracted from, or simply disregard the risk

*(see,* Restatement [Second] of Torts § 343A, comment *f; Chiricos v Forest Lakes Council Boy Scouts,* 391 Pa Super 491, 571 A2d 474). No view of the evidence in this case could sustain the conclusion that A & P, which pointed out the condition to Shultz and Kozinevich and which Shultz personnel undertook to correct, should have foreseen that those personnel would forget, be distracted from, or ignore the very condition which they were on the premises to remedy *(see generally, Carrender v Fitterer, supra).* Moreover, such a finding would appear to conflict with the settled law of Pennsylvania that "the employer of an independent contractor is not liable for physical harm * * * to another by an act or omission of the contractor or his servants" (Restatement [Second] of Torts § 409; *see generally, Brletich v United States Steel Corp.,* 445 Pa 525, 285 A2d 133; *Hader v Coplay Cement Mfg. Co.,* 410 Pa 139, 189 A2d 271, *supra; Steiner v Bell of Pa.,* 426 Pa Super 84, 626 A2d 584).

The plaintiffs' additional contention that the verdict may be upheld on the theory of retained control *(see,* Restatement [Second] of Torts § 414; *Byrd v Merwin,* 456 Pa 516, 317 A2d 280) is improperly raised on appeal, inasmuch as this theory was not submitted for the jury's consideration *(see, Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, *affd* 64 NY2d 670, *supra; Wentz v Pennswood Apts.,* 359 Pa Super 1, 518 A2d 314, *supra; Olson v Washington Country Club,* 340 Pa Super 168, 489 A2d 895, *supra).* In any event, were we to consider this contention, we would find that the evidence refutes any claim that A & P retained control over the manner of the performance of the work *(see,* Restatement [Second] of Torts § 414, comment *c; see generally, Hader v Coplay Cement Mfg. Co.,* 410 Pa 139, 189 A2d 271, *supra; Celender v Allegheny County Sanitary Auth.,* 208 Pa Super 390, 222 A2d 461, *supra),* since the repair plan was devised and implemented by Shultz personnel, including Kozinevich, and A & P personnel did not control the manner in which the contractor performed its activities.

Accordingly, in view of the fact that the verdict of negligence against A & P is, as a matter of law, not supported by the evidence under either of the two theories submitted to the jury, reversal and dismissal of the complaint are required.

In view of the foregoing disposition, we have no occasion to address the remaining contentions of the appellants. Bracken, J. P., Sullivan, Lawrence and Joy, JJ., concur.