■ Brigitte Rodriguez et al., Respondents, v New York City Transit Authority, Appellant. [730 NYS2d 135] —In an action to recover damages for personal injuries, etc., the defendant appeals from an interlocutory judgment of the Supreme Court, Kings County (Vaughan, J.), entered July 6, 2000, which, upon a jury verdict finding it 56% at fault in the happening of the accident and the injured plaintiff 44% at fault, is in favor of the plaintiffs and against it on the issue of liability.

Ordered that the interlocutory judgment is reversed, on the law, with costs, and the complaint is dismissed.

The plaintiffs commenced this action against the defendant to recover damages arising from injuries sustained by the plaintiff Brigitte Rodriguez while riding the subway. After a trial on the issue of liability, the jury found in favor of the plaintiffs on both a design defect and a negligence theory. We reverse and dismiss the complaint.

The plaintiffs' claim of a design defect was not referred to, either directly or indirectly, in the plaintiffs' original or amended notices of claim and substantially altered the nature of their claims (*see, Chipurnoi v Manhattan & Bronx Surface Tr. Operating Auth.,* 216 AD2d 171; *Mazzilli v City of New York,* 154 AD2d 355). Thus, the plaintiffs should not have been permitted to present evidence of such a theory to the jury. In any event, the limited testimony as to a design defect presented at trial was not sufficient to sustain the jury's finding of liability on that claim (*see, Adamy v Ziriakus,* 92 NY2d 396; *Amatulli v Delhi Constr. Corp.,* 77 NY2d 525; *Pinzon v City of New York,* 197 AD2d 680).

Further, based on the evidence presented at trial, there was simply no valid line of reasoning and permissible inferences that could have possibly led rational persons to conclude that

the defendant was negligent in the happening of the accident and that such negligence was a proximate cause of the damages alleged (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Kozinevich v Great Atl. & Pac. Tea Co.,* 201 AD2d 462). O'Brien, J. P., Ritter, Altman and Schmidt, JJ., concur.