NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 18-1020

WILLIAM FIGURED,

Appellant

v.

CARRIZO (MARCELLUS), LLC

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-15-cv-01340)
District Judge: Honorable Malachy E. Mannion

Submitted Under Third Circuit L.A.R. 34.1(a)
September 24, 2018

Before: AMBRO, CHAGARES, and GREENAWAY, JR., Circuit Judges

(Opinion filed:  October 17, 2018)

OPINION[*]

AMBRO, Circuit Judge

William Figured appeals the District Court's grant of Carrizo (Marcellus), LLC's

motion for summary judgment on his negligence claim.  He is challenging the District

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court's conclusion that Carrizo is not liable for his injuries because it (i) did not retain sufficient control over his work as an independent contractor and (ii) did not breach any common law duty owed to him as a business invitee. For the reasons stated below, we affirm the Court's decision.

Carrizo contracted with Rural Wastewater Management, Inc. to have Rural transport water to and from its Shaskas Well Pad. Rural contracted with Holcombe Energy Resources, LLC as a subcontractor to help with this transportation. Figured was an experienced water hauler who worked for Holcombe by routinely delivering water to the Well Pad.

In December 2013, Figured was delivering water at the Well Pad. Although no Carrizo employees were present, Figured knew that Carrizo preferred its water haulers to complete their on-site tasks in fifteen minutes. When Figured stepped in the containment area — the space between tanks holding water — he noticed that pooled water covered the top of his boots. He then climbed a ladder, as he usually would, to check whether a holding tank had room for more water. While he was stepping backwards off the ladder, his wet left boot slipped on a pipe, jammed into the ground, and sustained an injury.

Figured thereafter filed a complaint in the Middle District of Pennsylvania. After discovery, the District Court granted Carrizo's motion for summary judgment. It held that Carrizo (1) did not retain control over Figured's work at the Well Pad and (2) did not breach any common law duty owed to Figured as a business invitee. He filed a timely notice of appeal.

2

The District Court had diversity jurisdiction over this case under 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291. We review a District Court's decision to grant summary judgment *de novo*, viewing all facts in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

Figured makes two arguments on appeal. He maintains the District Court erred by finding Carrizo did not retain control over his work at the Well Pad and in ruling that Carrizo did not breach any common law duty it owed to him as a business invitee. Carrizo contends that it avoids liability because Figured was an employee of a subcontractor when he sustained his injury. We agree.

In Pennsylvania, the general rule is that a property owner who hires an independent contractor is "not responsible for the acts or omissions of such independent contractor or his employees." *Beil v. Telesis Constr., Inc.*, 11 A.3d 456, 466 (Pa. 2011). It follows then that the property owner is usually not responsible for injuries sustained by the employee of an independent contractor. *Id.*

Pennsylvania recognizes two exceptions to the general rule shielding landowners from liability: the retained control exception and the peculiar risk exception. Because Figured concedes the latter exception does not apply,[1] Carrizo is liable only if the retained control exception applies. It does so when the property owner "retain[s] sufficient control of the work to be legally responsible for the harm to the plaintiff." *Id.* This can be shown through (i) contractual provisions granting the property owner control

---

[1] Even if he did not concede this point, that exception would not apply. As the District Court correctly observed, the risk posed to Figured — the pooled water in the containment area — was not unusual. Instead, he testified that he had faced pooled containment areas several times in the past. Hence, the situation here is not peculiar.

or (ii) the owner's actual control over the work performed. *Id.* at 467. Here no contractual provision granted Carrizo control. As a result, it must have actually controlled Figured's work to be liable.

Figured argues that Carrizo retained control by (i) restricting Figured's job only to delivering water and (ii) giving Figured a preferred time of fifteen minutes to complete his work. Neither argument, however, establishes that Carrizo had actual control over Figured's work; hence the exception does not apply.

Carrizo did restrict Figured's work to delivering water. But merely limiting an independent contractor's work to a specified job does not trigger the exception for retaining control. *Id.* Figured's reliance on the restriction of what job he was to perform is misplaced. The focus needs to be whether Carrizo controlled *how* Figured performed his work. "Directing a contractor what to do is not the same as directing a contractor how to do it." *LaChance v. Michael Baker Corp.*, 869 A.2d 1054, 1061 n.14 (Pa. Commw. Ct. 2005); *cf. Beil*, 11 A.3d at 471 (emphasizing that the defendant "did not control the way the workers did their work"); *Hader v. Coplay Cement Mfg. Co.*, 189 A.2d 271, 278–79 (Pa. 1963) (explaining that "there is not a scintilla of evidence that [the defendant] at any time gave, or attempted to give, any instructions as to the manner of [plaintiff's job performance]," *id.* at 278, and that the plaintiff "nowise demonstrated any control by [the defendant] of the manner of [doing the assigned job]," *id.* at 279).

Carrizo's fifteen-minute job length preference fails as well to establish the requisite level of control to meet this exception. *Cf. Nertavich v. PPL Elec. Utils.*, 100 A.3d 221, 230 (Pa. Super. Ct. 2014) (property owner did not retain control over

4

independent contractor-painter despite giving detailed instructions on "the specific type of paint to use" and how the painter should apply it).

Other factors support our conclusion. For instance, Carrizo did not train Figured on how to deliver the water or otherwise instruct him how to do this job. The record also makes clear that Figured enjoyed discretion in performing his work. Indeed, we know no evidence that implies Carrizo controlled the manner in which Figured was to deliver water to the Well Pad.

Figured's main argument is that Carrizo breached a common law duty owed to him as a business invitee. In Pennsylvania, a property owner owes "a duty of care . . . to business invitees, such as the employees of independent contractors, where a non-obvious, dangerous condition exists on the possessor's land." *Farabaugh v. Pa. Tpk. Comm'n*, 911 A.2d 1264, 1272 (Pa. 2006). Pennsylvania courts have consistently held that, when employing an independent contractor, "a [landowner] must use 'reasonable care to make the premises safe or give adequate and timely warning of dangers known to him but unknown to the contractor or his employees.'" *Id.* at 1273 (quoting *Crane v. I.T.E. Circuit Breaker Co.*, 278 A.2d 362, 364 (Pa. 1971)). But "a property owner has no duty to warn the contractor or its employees of conditions that are at least as obvious to the contractor and its employees as they are to the landowner." *Beil*, 11 A.3d at 460.

The cases Figured relies on to show he was owed a common law duty are distinguishable, as they involve property that was open to the general public and patrons unaware of the risks associated with the property. *See Stebner v. Young Men's Christian Ass'n*, 238 A.2d 19, 19–20 (Pa. 1968) (plaintiff filed suit after the door to the steam room

5

at the YMCA shattered); *Regelski v. F.W. Woolworth Co. of Pa.*, 225 A.2d 561, 562 (Pa. 1967) (plaintiff sued after she was knocked over by the door to the defendant's store); *cf. Carrender v. Fitterer*, 469 A.2d 120, 121 (Pa. 1983) (plaintiff who slipped and fell in parking lot of defendants' chiropractic clinic sued defendants for negligence). Unlike the local YMCA or a chiropractor office's parking lot, the Well Pad was not open to the general public, which is clear as Figured often unlocked the Well Pad's gate. Moreover, Figured's situation is not that of a gym-goer stuck in the steam room or store patron walking through the front door of a retail store. Instead, he was an experienced water hauler who was aware of the risks associated with the Well Pad at the time of his injury. Carrizo cannot be held liable for an "obviously dangerous condition" on its property known by Figured. *Farabaugh*, 911 A.2d at 1275. As such, Carrizo did not breach any common law duty owed to him as a business invitee.

Because Carrizo did not retain control over Figured's work by restricting his job to delivering water or by imposing a fifteen-minute job completion preference, and owed him no duty to warn of the obvious dangers associated with the Well Pad, the District Court was correct in granting Carrizo's motion for summary judgment.