Ryabchenko v New York City Tr. Auth. (2019 NY Slip Op 05430)





Ryabchenko v New York City Tr. Auth.


2019 NY Slip Op 05430


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2018-12443
 (Index No. 506684/16)

[*1]Lyubov Ryabchenko, respondent, 
v
New York City Transit Authority, et al., appellants.


Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellants.
Berson & Budashewitz, New York, NY (Elliot Budashewitz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated September 14, 2018. The order granted the plaintiff's motion pursuant to General Municipal Law § 50-e(6) for leave to amend the notice of claim to assert an allegation of negligent installation and design.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion is denied.
On April 28, 2015, the plaintiff allegedly sustained injuries when she fell in the stairway labeled "U2A" on the north end of the "N Platform" at the Stillwell Avenue subway station in Coney Island. A timely served notice of claim dated June 1, 2015, alleged, in relevant part, that the steps and/or stairs were "defective," "uneven, misleveled, smooth" with a "slick surface," and that the New York City Transit Authority and the Metropolitan Transportation Authority (hereinafter together the defendants), were negligent "in the ownership, operation, control, and maintenance" of the stairs. The plaintiff subsequently filed a complaint dated April 12, 2016, alleging, in relevant part, that her injuries were caused by the defendants' negligence in the ownership, operation, management, maintenance, care, custody, and control of the premises.
More than two years later, in April 2018, the plaintiff moved pursuant to General Municipal Law § 50-e(6) for leave to amend her notice of claim to remove any mention of the stairs being "uneven, misleveled, smooth" with a "slick surface," and to add new allegations that the stairs were "defectively installed . . . and/or designed . . . with a hole/gap upon which [the plaintiff's] foot was caused to trip and fall." The Supreme Court granted the motion. We reverse.
"A notice of claim may be amended only to correct good faith and nonprejudicial technical mistakes, omissions, or defects, not to substantively change the nature of the claim or the theory of liability" (Castillo v Kings County Hosp. Ctr., 149 AD3d 896, 897; see Matter of Johnson v County of Suffolk, 167 AD3d 742, 743). Amendments of a substantive nature are not within the purview of General Municipal Law § 50-e(6) (see Holder v County of Westchester, 169 AD3d 1017, [*2]1019).
Here, the plaintiff's notice of claim made no allegations of any "hole/gap" in which the plaintiff's foot got caught, or that the stairs were defectively installed or designed (compare Crew v Town of Beekman, 105 AD3d 799, and Rodriguez v New York City Tr. Auth., 286 AD2d 681, with Ortega v New York City Tr. Auth., 170 AD3d 872). Therefore, the proposed amendments were not technical in nature; rather, they were of a substantive nature beyond the purview of General Municipal Law § 50-e(6) (see Holder v County of Westchester, 169 AD3d at 1019; Palacios v Town of N. Hempstead, 165 AD3d 967, 969; Priant v New York City Tr. Auth., 126 AD3d 774, 775; Rodriguez v New York City Tr. Auth., 286 AD2d 681).
The plaintiff's remaining contention is without merit.
Therefore, the plaintiff's motion for leave to amend the notice of claim should have been denied.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court